G. W. GRIFFIN and S. M. WOODWARD, Plaintiffs in Error, *v.* WM. SIMMONS and GEO. SIMMONS, Executors of GEO. SIMMONS, deceased, Defendants in Error.

1. PLEADING. *Plea. When bad.* To an action on a note a plea that "the consideration of the note sued on was notes of banks worth at the time not more than —— cents in the dollar." *Held,* Bad.

2. NOTE. *Want of consideration.* When a note for $1,000 is given for depreciated paper of the same nominal value, there is not a "partial want" of consideration within the meaning of Section 1806 of the Code.

3. SAME. *Inadequacy of consideration.* Inadequacy of consideration is distinguished from a total or partial want of consideration. In the absence of fraud the former is no defence to an action upon a contract; the latter is a defence, total or *pro tanto,* as the case may be.

4. SAME. *Distinction between inadequacy and partial want of consideration illustrated.* When the note is not given upon any one consideration which, whether good or not, or whether it fail or not, goes to the whole note at the time it was made; but for two distinct and independent considerations, each going to distinct portions of the note, and one is a consideration which the law deems valid and sufficient to support a contract, and the other not, then the contract shall be apportioned.

   Cases cited: Parson on Notes and Bills, vol. 1, p. 211, note 1; Parrish *v.* Stone, 14 Pick., 198; Chitty on Con., 29; Edwards on Bills and Notes, 318.

5. EVIDENCE. *Admission. Not admissible. When.* The mere statements of a testator, as to what he was willing to receive on a note, is no discharge or release of any part of the same, and his executors are not bound, it being voluntary and without consideration.

Griffin *et al v.* Simmons *et al.*

Cases cited: Turley *v.* Evans, 3 Hum., 222; Nane *v.* Simpson, 5 Sneed, 612.

---

FROM FRANKLIN.

---

Appeal from the Circuit Court. Wm. P. Hickerson, Judge.

John Frizzell for Griffin and Woodward.

Colyar, Marks and Fitzpatrick for Simmons.

Burton, Special J., delivered the opinion of the Court.

The defendants in error sued the plaintiffs in error in the Circuit Court of Franklin county, on a note given to their testator for one. thousand dollars, dated the 18th day of September, 1862, and due one day after date.

The defendants below, among other pleas not necessary to notice, plead that "the consideration of the note sued on was notes of banks worth at the time not more than —— cents on the dollar."

On motion of the plaintiffs below, this plea was stricken out by the Court, and this is the principal error complained of. The record does not disclose the particular ground or reason upon which his Honor acted in striking out the plea. But from the arguments of counsel we gather that it is supposed by them that because the bank notes, in consideration of which the promissory note in suit was given, were greatly depreciated; there was, in consequence, a par-

tial want of consideration to support the note. The section 1806 of the Code is referred to, which provides, in substance, that the want or failure of consideration, in whole or in part, of a written contract, may be shown as a defense in whole or *pro tanto,* as the case may be, where ·action is brought by any party who is not an innocent holder of the paper.

This section of the Code, as we understand it, is hardly an innovation upon the rules of pleading, so far at least as it provides that a partial want of consideration may be given in evidence. It is held, both in England and America, that a partial want of consideration is a defense *pro tanto* to a note or bill. But in England it seems to have been held that a partial failure of consideration is no defense, even *pro tanto,* but the party was driven to a cross action.

The question recurs, then, whether this plea makes out a case of partial want of consideration. There is no allegation of fraud, or misrepresentation, or mistake, but the simple case made by the plea is, that the plaintiffs in error saw proper to give their note of one thousand dollars for depreciated paper of the same nominal value. Now there is a plain distinction, as we think, between mere inadequacy of consideration and a total or partial want of consideration. While it is true that every contract must be supported by a valuable consideration, it is not essential that the consideration should be adequate in point of actual value. The law having no means of deciding upon this matter, and it being considered unwise to interfere with

the facility of contracting, and the free exercise of the judgment and will of the parties, by not allowing them to be sole judges of the benefit to be derived from their bargains.

Even in equity, although a consideration is necessary, if the agreement be not under seal, inadequacy of consideration or value is, in general, of itself no ground for impeaching a contract. Chitty on Contracts, p. 29.

In Edwards on Bills and Promissory Notes, page 318, it is said there is a plain distinction between mere inadequacy and a total or partial failure of consideration. Inadequacy of consideration is not in itself any defense to an action on a bill or note. But a total failure or want of consideration is a perfect defense, and a partial failure, is a defense *pro tanto*. The distinction between inadequacy of value and partial failure, or want of consideration being, everywhere asserted, it is clearly illustrated, as we think, in a Massachusetts case, where the defense of a partial want of consideration was allowed. In delivering the opinion of the Court, Shaw, C. J., said: "The rule to be deduced from the cases seems to be this, that when the note is not given upon any *one* consideration which, whether good or not, whether it fail or not, goes to the *whole note* at the time it was made; but for two *distinct* and independent considerations, each going to a distinct portion of the note, and one is a consideration which the law deems valid and sufficient to support a contract and the other not,

then the contract shall be apportioned." Parsons on Notes and Bills, Vol. 1, p. 211, note 1, citing *Parrish* v. *Stone*, 14 Pick., 198. So, in the text: "If a note be given by a father to a son partly in payment for services and partly as a gratuity so far as it is given upon the latter ground, it is without consideration, and this will be a good defence."

In the case we are considering, the note was given upon one entire consideration—that is, one thousand dollars in depreciated bank paper—and this consideration went to the whole note at the time it was made. There was no consideration wholly valueless as to any part of the note. It is not therefore a case of partial want of consideration, but is a case where the consideration was not adequate in point of actual value to the note given by the plaintiffs in error to the testator of the defendants in error.

2. The remaining question is, whether His Honor, the Circuit Judge, erred in excluding evidence offered by the plaintiff in error, and this will best appear by stating the substance of the evidence offered.

1. By E. P. Anderson, that he heard the testator say, shortly before his death, to L. M. Woodward: "I have instructed the boys (meaning, no doubt, his executors nominated) to receive five hundred dollars and give up that note." Witness did not remember what kind of money he spoke of, and thinks he only said "dollars."

2. By T. C. Murrell they offered to prove that in his last sickness plaintiff's testator · said that the

money he let plaintiffs in error have was worth at the time not more than fifty cents in the dollar, and he wanted fifty cents in the dollar collected.

3. S. M. Woodward, the plaintiff in error, was offered to prove that the testator told him that he only wanted half of the note with interest; that the money he let defendant (Griffin) have was depreciated, and he wouldn't have but half of the note.

We do not concede that His Honor, the Circuit Judge, erred in excluding this evidence. The mere statements of the testator as to what he was willing to receive was no discharge or release of any part of the note due him, nor was it an admission that only five hundred dollars was due him on this note. What he said could not be construed into a promise or agreement binding him or his executors in law, being voluntary and on no consideration. And we cannot see from the whole of this record that with this rejected testimony before them, the verdict of the jury could or ought to have been different. *Turnley* v. *Evans,* 3 Hum., 222; *Nane* v. *Simpson,* 5 Sneed, 612.

Upon the whole we see no reversible error in this record, and the judgment of the Circuit Court will be affirmed.