40884. DICKEY et al. v. MINGLEDORFF.

DECIDED OCTOBER 9, 1964.

*Charles L. Sparkman,* for plaintiffs in error.

FELTON, Chief Judge. Where an ex contractu action based upon a liquidated demand is in default, judgment may be entered in favor of the plaintiff without the introduction of evidence, as if every item and paragraph of the petition were supported by proper evidence. *Code Ann.* § 110-401 (as amended by Ga. L. 1962, pp. 687, 688). The allegations of the petition must still, of course, set forth a cause of action in order to support a recovery thereon. *Nix v. Luke,* 96 Ga. App. 123 (1) (99 SE2d 446).

The plaintiffs' demand was for liquidated damages since the claim was based upon the promissory notes and the contract rather than the reasonable amount of their services. The recovery of attorney's fees on a quantum meruit basis is permitted only where no fee has been agreed upon, *Code* § 3-107, *Iteld v. Karp,* 85 Ga. App. 835, 838 (1) (70 SE2d 378), or where the attorney cannot render the balance of the agreed service due to any of the contingencies provided in *Code* § 9-611. The petition shows that the fee was agreed upon and contracted for in both the written contract and the promissory notes and it alleges that the plaintiffs performed all of their obligations under the contract by representing the defendant in the divorce action to its conclusion. These allegations, to which no defensive pleadings were filed, must be accepted as true. While the contract provides that the plaintiff attorneys were retained to perform all necessary and appropriate services, etc., "as a result of a divorce action now pending against the client *and in connection with Dutch Island and Sylvon Island* . . . ," it goes on to state "but under the condition set forth hereinafter insofar as said islands are concerned . . ." This condition is set forth

in section 5 (b), namely: that the fee for services in connection with the islands is to be negotiated with any out-of-town counsel which might be involved; otherwise, such services would be on a straight 33⅓% contingency fee basis. This, in addition to the stipulation regarding payment of the $2,000 note in conjunction with the termination of the divorce action, indicates that the services for which the notes were given were those in connection with the divorce action.

The fact that the contract gives the plaintiffs a lien on any sum recovered from any judgment or decree, which would include the judgment for attorney's fees, does not make the contract void as against public policy as an assignment of alimony. The lien is merely security for the payment of the notes, which established the amount of the plaintiff's fee and created an obligation independent of the factor of an award for attorney's fees or the amount awarded. The petition thus stated a cause of action for the entire amount of both notes.

The court, while erring in not allowing recovery on the $8,000 note, was correct in its ruling that the plaintiffs are entitled to the $3,000 awarded for attorney's fees under the alimony judgment. This amount must be deducted from the $10,000 to which the plaintiffs are entitled, however. " 'Temporary alimony is awarded to the wife, among other things, for the purpose of enabling her to contest all of the issues between herself and her husband in a proceeding for divorce and alimony.' *Twilley v. Twilley*, 195 Ga. 297 (24 SE2d 46). Where a judgment provides that attorney's fees be paid to the attorney of record, such a provision will be construed as a judgment for the wife for the amount stated, and such payment may be enforced by contempt proceedings. *Blackburn v. Blackburn*, 201 Ga. 793 (1) (41 SE2d 519)." *Coleman v. Coleman*, 205 Ga. 92, 93 (52 SE2d 438); *Harrison v. Harrison*, 208 Ga. 70 (2) (65 SE2d 173). The plaintiffs were therefore not unconditionally entitled to the $3,000 attorney's fee judgment since they were awarded to the defendant to be used in paying the plaintiffs the contracted amount for their services.

The judgment of the court is reversed and remanded for entry of a judgment in the amount prayed for in the petition less the $3,000 awarded as attorney's fees.

*Judgment reversed with direction. Frankum and Pannell, JJ., concur.*