47392.   COAST SCOPITONE, INC. v. SELF.

EBERHARDT, Presiding Judge. Coast Scopitone, Inc. borrowed money from the Hancock Bank in Gulfport, Mississippi, with which it purchased six machines designed to show movies with sound and which could be viewed by patrons by the deposit of a coin in a slot. Its shareholders secured the loan for Scopitone from the bank and indorsed the note or guaranteed the loan. In September, 1967, the machines were sold to Robert H. Self and under the terms of the sale he executed his note to the bank for $15,485, balance of the agreed purchase price, with interest and insurance, and payments at $1,000 per month were to be credited to it and to the Scopitone note. The

note was renewed with payments reduced to $500 per month in February, 1968. Self made payments totaling $10,409.25 (the last on October 2, 1969) and defaulted as to the balance. The bank required Scopitone to pay its indebtedness and the Self note was assigned to it. Scopitone then sued Self for the outstanding balance under his note in the amount of $4,994.65. Self filed pleas of general issue, nul tiel corporation, total failure of consideration, a counterclaim for the payments made, and the case came on for trial.

At the trial he admitted execution of the note and receipt of the six machines. He contended that they had been inoperable and worthless, but admitted that he had placed some of them in restaurants or similar locations and had received income from them and that he had made payments on them for a period of about two years. He asserted that there had been difficulty about getting films that could be used in the machines, and that they had been in storage in Gulfport and were damaged by salt-water air. In the record is a letter which he wrote to the bank May 19, 1969, long after he had purchased and received the machines, saying that he "had film problems—tax problems, and first of the year hangups," but would catch up the payments. On April 15, 1969, he wrote the bank about a renewing of the note, saying "what I hold of yours here now has a possible market value of $2,500."

He also contended that he had incurred expense in the maintenance of the machines which exceeded the income derived from them and that there were some which simply could not be put in operable condition.

There was evidence that the machines had been in operation for approximately a year before the sale to Self, that until a short time before the sale all save one had been in use, and that while it had been in storage it was, nevertheless, in operable condition. Plaintiffs conceded that they had experienced difficulty in obtaining new and different films for the machines, but asserted that at the time of sale each machine had in it 36 films.

The case was tried before a judge without a jury, and at

the close of the evidence he rendered judgment for the defendant, apparently sustaining defendant's plea of total failure of consideration. Plaintiff appeals, enumerating the judgment as error and asserting that the evidence simply did not authorize it. *Held:*

1. The defense of failure of consideration (whether total or partial) is an affirmative one. CPA § 8 (c) (*Code Ann.* § 81A-108 (c)). While a plea of total failure of consideration includes a partial failure, upon proof of which the defendant is entitled to an abatement of the purchase price to the extent the consideration may have failed (*Morgan v. Printup Bros. & Pollard,* 72 Ga. 66), the burden of proof in establishing either is on the defendant. *DeLay v. Galt,* 141 Ga. 406 (81 SE 195). If he relies upon a total failure he must show that the goods were wholly without value; if he relies upon a partial failure he must show the extent of the failure with such particularity and certainty that the jury (or judge) could, without guesswork or speculation, arrive at the amount. *John Deere Co. v. Lindsey Landclearing Co.,* 122 Ga. App. 827, 828 (178 SE2d 917); *Moore v. Smith,* 31 Ga. App. 491 (121 SE 136); *Hall v. Southern Sales Co.,* 81 Ga. App. 392 (2) (58 SE2d 925), and citations; *Code* § 20-310. Where it appears from the evidence that the goods have some value, a plea of total failure of consideration has not been sustained (*Clegg-Ray Co. v. Indiana Scale &c. Co.,* 125 Ga. 558 (54 SE 538)), and absent proof of the extent of the failure,. partial failure of consideration has not been sustained. *Anchor Sign Co. of Ga. v. PS Heating &c. Co.,* 125 Ga. App. 207 (186 SE2d 892). It affirmatively appears that the goods here do have value, and there was no proof upon which a finding of partial failure was authorized.

The counterclaim, as well as the defense against the plaintiff's claim, rested upon the plea of failure of consideration, and was subject to the same rules. *Big Builder, Inc. v. Evans,* 126 Ga. App. 457 (2) (191 SE2d 290).

2. Defendant's plea that the machines had been stored in salt-water air and thus were damaged, amounts to a plea of failure of consideration, and for the reasons stated

in Division 1 this plea was not sustained.

3. Moreover, it appears from the evidence that if there were defects in the machines which resulted in a failure of consideration, Self nevertheless retained them after he knew or should have known thereof. He should have made known his complaints and returned the machines as soon as the defects were discovered. UCC § 2—607 (3) (a) (*Code Ann.* § 109A-2—607 (3) (a)). As to the effect of payments made on the machines after defendant knew or should have known of the defects, see *Securities Investment Co. v. Jett,* 63 Ga. App. 384 (11 SE2d 36); *Jett v. Securities Investment Co.,* 68 Ga. App. 454, 455 (23 SE2d 265). Nor can a plea of failure of consideration be sustained where the note for the purchase price, or the contract, has been renewed after knowledge of defects or worthlessness. *Hogan v. Brown & Co.,* 112 Ga. 662 (37 SE 880). The renewal cuts off all defenses of which the maker then had knowledge. *National Duck Mills v. Catlin & Co.,* 10 Ga. App. 240, 245 (73 SE 418).

4. Defendant's plea that he had never received title to the machines was not sustained. There is no retention of title agreement between the parties, and defendant admits that he received delivery of the machines—which is, under the facts, sufficient to pass title to him.

5. The defense that Coast Scopitone, Inc. was not a corporation was not sustained. The certificate of its incorporation was introduced and is in the record.

6. There was proof of consideration for the note, and the defendant utterly failed to sustain his plea of failure of consideration. Plaintiff was entitled to prevail, and denial of its motion for judgment at the conclusion of all the evidence was error.

*Judgment reversed with direction that judgment be entered for the plaintiff. Deen and Clark, JJ., concur.*

ARGUED SEPTEMBER 13, 1972—DECIDED SEPTEMBER 25, 1972.

*Schwall & Hewett, Stan M. Lefco, Emory A. Schwall,* for appellant.

*Hendon & Henley, E. T. Hendon, Jr.,* for appellee.