## 56169. BEATTY v. LASONDE.

BANKE, Judge.

The appellee, Jack LaSonde, P. C., sued the appellant, Alexander Beatty, to recover legal fees owed as a result of the firm's representation of appellant. The trial judge, sitting without a jury, entered judgment for the appellee for the full amount sought; and the appellant now appeals.

1. In his amended answer, the appellant raised the affirmative defense of failure of consideration. In support of this defense, he presented evidence which showed that Mr. Jack LaSonde, the lawyer in the appellee firm who represented appellant, had neglected to file timely two separate notices of appeal, thereby denying him appellate review of two adverse judgments. LaSonde testified that concern over the appellant's failure to make prompt payments of already accrued legal fees was the reason that preparation of the cases for appeal was delayed. In response to questioning by the appellant's attorney, LaSonde replied that the appellant had been billed for a total of 16.6 hours of legal services at $60 per hour (a total of $996) with regard to the dismissed appeals. The balance of the fee ($2,000.12) sought to be recovered arose out of other representation. The trial court found as a matter of fact that these services were rendered in accordance with a contract between the parties. On appeal the appellant enumerates as error the trial judge's failure to sustain his plea of failure of consideration.

A plea of total failure of consideration includes a plea of partial failure of consideration, and an abatement in the total amount sought may be obtained when the defendant's evidence proves the extent to which the consideration failed. *Morgan v. Printup Bros. & Pollard*, 72 Ga. 66 (2) (1883); *Coast Scopitone, Inc. v. Self*, 127 Ga. App. 124 (1) (192 SE2d 513) (1972); *Carlton Co. v. Allen*, 135 Ga. App. 658 (1) (218 SE2d 666) (1972). The testimony elicited from LaSonde by the appellant's attorney (regarding the portion of the fee attributable to the appeals) supplied the requisite proof, and under the decisions cited above, the trial judge should have entered judgment for the appellee for the amount of $2,000.12

only.

Certain language in our old decision, *Deaver v. Dillard & Bell,* 16 Ga. App. 297 (85 SE 205) (1915) might on first reading appear to be inconsistent with the rule of law announced in the *Morgan v. Printup Bros. & Pollard,* supra, line of cases. In *Deaver* the client pled total failure of consideration in defense to his liability for attorney fees. The court found the defense insufficient as a matter of law since the client had failed to show that the attorney's services had been entirely worthless, and, on the contrary, had admitted partial performance by him. Although the court did not discuss the possibility of a partial abatement of the fee, the facts in *Deaver* indicate that the client did not adequately prove the extent and corresponding value of the partial failure. For this reason, the judgment of the court in *Deaver v. Dillard & Bell* was correct even though the reasoning behind the decision was not fully stated. For another approach to collection suits of this type, see generally 7 CJS 1024, Attorney and Client, §§ 167d, 196; 7 AmJur2d 174, Attorneys at Law, § 219.

2. The appellee originally sued to recover $2,966.12 from the appellant based on the contract for legal services between them. He later amended his complaint to state an alternative claim for recovery of the same amount in quantum meruit. The trial judge found that the appellee's claims were, in fact, based on a contract for legal services and that the appellee had performed the services required of him. Notwithstanding his finding of an executed contract, the trial judge concluded that the appellee was entitled to recover the full amount sought on the contract *and* on the basis of quantum meruit; his conclusion of law should have stated only that the appellant was entitled to recover on the contract. See *Bull v. St. Johns,* 39 Ga. 78, 81 (1869); *Iteld v. Karp,* 85 Ga. App. 835 (1) (70 SE2d 378) (1952); *Dickey v. Mingledorff,* 110 Ga. App. 454, 461 (138 SE2d 735) (1964).

In recognition of this inconsistency in the trial judge's conclusion of law, the appellant has enumerated as an alternative enumeration of error that the trial judge erred in basing his judgment for the appellee in quantum meruit on the cost of rendering the services to appellee

rather than on the value of the services to the appellant. Because of our decision in Division 1 affirming the trial judge's finding of a contract between the parties and reversing his judgment with direction that he enter a new judgment for $2,000.12, it is not necessary for us to rule on the appellant's alternative enumeration of error.

3. The appellee's motion for damages is denied.

*Judgment reversed with direction. Deen, P. J., and Smith, J., concur.*

ARGUED JUNE 29, 1978 — DECIDED SEPTEMBER 7, 1978.

*Torin D. Togut,* for appellant.
*David E. Allman,* for appellee.