62923. CAMELOT CLUB CONDOMINIUM ASSOCIATION, INC. v. METRO LAWNS, INC.

Decided February 19, 1982 —
Rehearing denied March 11, 1982.

*Donald B. Kuperman, Philip S. Downer,* for appellant.
*Charles A. Wiley, Jr.,* for appellee.

Deen, Presiding Judge.
1. Where opinion testimony is sought to be offered as that of an expert and is excluded by the trial court "[t]he issue on appeal is not whether the trial judge was correct but whether he abused his discretion." *Stancil v. State,* 155 Ga. App. 731, 733 (272 SE2d 511) (1980). There are necessarily degrees of expertise, and the amount of formal education necessary to render one a medical expert, for example, is far different from that required to determine whether a lawn has been well cared for or trees and shrubbery properly pruned. "To qualify as an expert (see Code § 38-1710) generally all that is required is that a person must have been educated in a particular skill or profession; his special knowledge may be derived from experience as well as study. [Cit. omitted.] Formal education in the subject at hand is not a prerequisite for expert status." *Bowden v. State,* 239 Ga. 821, 826 (238 SE2d 905) (1977). Here the defendant attempted to

elicit an opinion from its grounds supervisor as to the condition of the lawn and shrubbery when he was hired. The witness had been raised on a farm, had worked tending grounds for the state for seven years, had worked for private residential owners tending their lawns and shrubs, etc. He appeared unfamiliar with brand names and chemical formulae, but did appear to understand the job he was called upon to do and the proper method of going about it. The court, although stating that Mr. Dotson was the sort of fellow he would want to work in his own yard and "I expect if anybody could do it, he could" referring to grounds maintenance, held that he had not shown sufficient scientific background to qualify as a witness and therefore could not express an opinion as to whether immediately prior to the time he was hired the grounds had been neglected in various ways. Even a lay witness may give opinion testimony so long as he states facts on which the opinion is based. *Spencer v. State,* 236 Ga. 697, 700 (224 SE2d 910) (1976). This witness was prepared to go into detail as to the conditions he found and his actions in correcting them. Under the circumstances he should have been allowed to state his conclusions based thereon, the credence due them to be left to the jury.

2. A series of photographs of the grounds taken on April 29 was offered in evidence and refused on the ground that the period involved in the lawsuit was February and March. The witness stated that he was not familiar with the grounds in February but its appearance in March was very much as depicted. Work crews of the plaintiff did visit the property as late as April 12, and Camelot was not informed until April 24 that they did not intend to return. Under the circumstances it was error to exclude the photographs. It is the substantial resemblance, not the date, which should control. Cf. *Harris v. Collins,* 145 Ga. App. 827 (245 SE2d 13) (1978): "[A]n unsubstantial change in conditions between the time of the accident and the time when the photograph is made is not sufficient to exclude it." *Harris v. Collins,* 145 Ga. App. 827 (2), supra.

3. In view of what has been stated above, the direction of a verdict in favor of the plaintiff must be reversed. Further, it is well established that the direction of a verdict is error unless there is no material conflict in the evidence and that introduced demands the verdict directed. Code § 81A-150 (a); *Jenkins v. Gulf States Mtg. Co.,* 138 Ga. App. 835 (227 SE2d 522) (1976); *State Farm Mut. Auto. Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878) (1972). We agree with the appellee that where, as here, the defense to a suit on contract is a plea of failure of consideration and where the evidence authorizes the conclusion that the failure is not total but partial only, the burden devolves upon the defendant to prove the dollar amount of his

damages or suffer judgment against him. *Anchor Sign Co. v. PS Heating &c. Co.,* 125 Ga. App. 207 (186 SE2d 892) (1971). We cannot say that there was not evidence as to the amount of damages. While skimpy, it was adequate to show that extra work was needed on the lawns, gardens, and edging; the approximate time that this took, at least in part, and hourly wages paid for extra labor. On another trial of the case such evidence, if forthcoming, will undoubtedly go into more detail in this area. It was error in view of the evidence as a whole to direct a verdict.

*Judgment reversed. Banke, J., concurs. Carley, J., concurs in the judgment only.*