64265. ROLAND et al. v. BYRD.

QUILLIAN, Chief Judge.
Plaintiff brought an action in Miller Superior Court, seeking to recover damages in the sum of $43,832.00 which the defendants (d/b/a Roland Well Drilling Company) owed him pursuant to a contract between the parties under which terms the defendants were to dig two 12-inch wells and install pumps thereon. The plaintiff contended that the wells as dug and as installed by the defendants were not in working order, that there was a failure of consideration and that he had been damaged the full amount paid by him to the defendants. The defendants, on the other hand, contended they were not indebted to the plaintiff in any amount because of the terms of the contract. They urge that the contract did not guarantee production of water, and that instead it provided for certain acts to be performed by the defendants down to a certain depth, after which all

additional performance was at a cost set forth in the contract.

There was a separate contract for each of the two wells, but they both contain substantially similar language which reads as follows: "We hereby submit specifications and estimates for: 1-12″ Well — 1100 G.P.M. pump at 115 psi, up to 300 ft. deep and 200 ft. column. All drilling over 300 ft. will be $16.00 per ft. extra. All column over 200 ft. will be $300.00 per 10 ft. extra."

The case came on for trial before a jury. At the close of the evidence, the defendants made a motion for a directed verdict which was denied by the trial judge. The jury then returned a verdict in favor of the plaintiff for $15,000.00 plus all equipment already installed or on location. Subsequently, the defendants moved for a judgment notwithstanding the verdict, and, upon the trial court's overruling this motion, brought appeal to this court. *Held:*

The sole basis of the directed verdict, the motion for judgment notwithstanding the verdict, and the sole error enumerated in this court was predicated on the defendants' contention that the plaintiff failed to prove damages in the amount he recovered.

The general rule is that, in the absence of a provision in a well-drilling contract guaranteeing the results of the undertaking, there is no implied warranty on the part of the driller as to the quantity of water which will be obtained. It is also true that there is no implied warranty as to the quality of such water. However, there is in a well-drilling contract an implied warranty on the part of the driller that the service shall be performed in a workmanlike manner. See 78 AmJur2d 633, Waters, § 189 and cases cited therein; Anno., 90 ALR2d 1346, 1353.

The instant contracts contain no guarantee with regard to the quantity of water, or indeed, that water be found. Each contains a provision that states "all material is guaranteed to be as specified. All work to be completed in a workman-like manner, according to standard practices. . ."

Since contracts are to be construed in a reasonable manner and in order to effectuate the intention of the parties, the language of the present contracts can be interpreted to mean that the defendants are required to drill to at least a depth of 300 feet in search of water. After that, drilling would continue at an increased cost to the plaintiff, who would be empowered to call a halt or rescind the contract as of that point when it seemed that no water could reasonably be found. Although there is no Georgia authority precisely on this issue, courts of our sister states have interpreted contracts in which no maximum depth was specified to be based on a reasonable depth and that when that point was reached either party could in effect determine to stop without breaching the contract. See in this connection cases cited in

Anno., 90 ALR2d 1346, at pages 1381 and 1385.

In the case sub judice, the plaintiff's complaint sought recovery of the entire sum expended by him under the well-drilling contract. This was predicated on the theory, in effect, that there had been a total failure of consideration and that the defendants had breached the contract by failing to obtain any useable water. The proof offered on the trial of the case on behalf of the plaintiff tended to show that the defendants may have failed to accomplish the task in a workmanlike manner, but did not amount to a showing that there was a total failure of consideration. This, of course, does not mean that the plaintiff cannot recover in any amount, but does cast upon the plaintiff the burden of showing in what particulars he was damaged.

"If he relies upon a total failure he must show that the goods were wholly without value; if he relies upon a partial failure he must show the extent of the failure with such particularity and certainty that the jury (or judge) could, without guesswork or speculation, arrive at the amount." *Coast Scopitone v. Self,* 127 Ga. App. 124, 126 (192 SE2d 513). In a plethora of cases, this court has held "[t]he question of damages cannot be left to speculation, conjecture, and guesswork." *Bobo v. Gebhardt,* 154 Ga. App. 436, 437 (268 SE2d 699). Accord, *Tendrift Realty Co. v. Hayes,* 140 Ga. App. 896 (1) (232 SE2d 169). The jury must be able to calculate the amount of loss from the data furnished, and will not be placed in a position where an allowance of the loss is based on guesswork. *Studebaker Corp. v. Nail,* 82 Ga. App. 779, 785 (62 SE2d 198). " 'The measure of damages in the case of a breach of contract is the amount which will compensate the injured person for the loss which a fulfillment of the contract would have prevented or the breach of it entailed. In other words, the person injured is, so far as it is possible to do so by a monetary award, to be placed in the position he would have been in had the contract been performed.' " *Darlington Corp. v. Evans,* 88 Ga. App. 84, 90 (76 SE2d 72). The evidence in this case shows that the defendants drilled to the depth in excess of 300 feet. Thus, the basic terms of the contract were performed. The plaintiff introduced evidence which tended to show that the defendants were negligent and at one point had to use dynamite and moriatic acid to dislodge the drill bit the defendants were using, and that they failed to find water. The evidence also showed that the plaintiff obtained the services of another well driller, who found water in the locale where the wells were drilled by the defendants. Thus, there was evidence which might be the basis for the plaintiff to recover damages from the defendants. Nevertheless, no figures were adduced on which the jury verdict of $15,000 could be predicated. Thus, the verdict cannot stand.

We now must determine whether the defendants were entitled to a directed verdict. In this connection, it should be noted that the plaintiff did introduce figures authorizing a recovery in some amount, in that the plaintiff testified that he paid the defendants $1,100.00 for two or three pieces of column shaft which he never received. Since the defendants are entitled to a directed verdict only in a situation in which the plaintiff is not entitled to recover any sum as a matter of law, we find this to be a suitable case in which to exercise our discretion under Code Ann. § 81A-150 which provides: "Where error is enumerated upon an order denying a motion for directed verdict, and the appellate court determines that such motion was erroneously denied, it may direct that judgment be entered below in accordance with the motion, or may order that a new trial be had, as the court may determine necessary to meet the ends of justice under the facts of the case." Code Ann. § 81A-150 (e) (Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248). *Gandy v. Griffin,* 120 Ga. App. 100, 104 (1) (169 SE2d 651); *Winn-Dixie Stores v. Hardy,* 138 Ga. App. 342, 345 (226 SE2d 142); *Tomlinson v. Patrick,* 228 Ga. 373, 377 (4) (185 SE2d 407).

Hence, under the authority contained in Code Ann. § 81A-150 (e), the trial court is directed to grant to the defendants a new trial.

*Judgment reversed with direction. Shulman, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 9, 1982.

*Ralph C. Smith, Jr.,* for appellants.
*Ronnie Joe Lane,* for appellee.