## 67736. GREENE v. JOHNSON.

BENHAM, Judge.

On June 1, 1977, appellee Johnson and appellant Greene executed a number of documents by which Johnson purchased Greene's accounting business. Included among the documents were two promissory notes executed by appellee in favor of appellant, and a restrictive covenant not to compete signed by appellant. When Johnson filed suit against appellant for alleged breach of contract, appellant counterclaimed for the unpaid balance of the two promissory notes. The trial court directed a verdict in the main action in favor of Greene, and the jury found for Johnson on the counterclaim. In this appeal appellant maintains that the trial court erroneously denied her motions for directed verdict and for judgment notwithstanding the verdict or, in the alternative, motion for new trial on the counterclaim. We agree and, accordingly, reverse.

The promissory notes in question were in the amounts of $24,000 and $30,000 respectively. The $24,000 note, on which interest was to accrue at the rate of 7% per year, was given "in accordance with and pursuant to the terms of a certain Restrictive Covenant not to Compete" executed by appellant Greene. According to the terms of the covenant, appellant agreed to refrain from engaging in public accounting or tax preparation in a six-county area for six years and to refrain from requesting, advising, or inducing clients of the sold business to terminate their relationship with that business and its new owner. The $30,000 note was given "in accordance with and pursuant to the terms of a certain Employment Agreement" entered into by the parties. That agreement guaranteed appellant Greene an annual

salary of $5,000 for six years.

At trial appellee Johnson admitted the execution of the notes in question, his receipt of the business' fixtures, furniture, machines, equipment, supplies, and client files, and his failure to make payments on either note. He asserted failure of consideration as a defense to appellant's counterclaim.

" 'A plea of total or partial failure of consideration is a permissible defense to an action founded upon a contract. [Cit.] The burden of proving a prima facie case to recover (on the contract) is on the one claiming under the contract. The burden of sustaining the plea of total or partial failure of consideration is on the one asserting the defense. [Cit.]' " *Toole v. Brownlow & Sons Co.*, 151 Ga. App. 292 (1) (259 SE2d 691) (1979). "If [Johnson] relies upon a total failure he must show that the goods were wholly without value; if he relies upon a partial failure he must show the extent of the failure with such particularity and certainty that the jury (or judge) could, without guesswork or speculation, arrive at the amount. [Cits.] Where it appears from the evidence that the goods have some value, a plea of total failure of consideration has not been sustained [cit.], and absent proof of the extent of the failure, partial failure of consideration has not been sustained. [Cit.]" *Coast Scopitone, Inc. v. Self*, 127 Ga. App. 124 (1) (192 SE2d 513) (1972).

Appellee Johnson's defense of failure of consideration was based upon evidence that Ms. Greene had approached at least one of her former clients subsequent to the sale of the accounting business and asked him to let her do his accounting. Appellee maintains that this evidence of breach of contract also constitutes failure of consideration. However, appellee's trial testimony that he had possession of the business' furniture, fixtures, machines, equipment, supplies and client files, negated any defense of *total* failure of consideration. See *Schube v. Parts Distributors, Inc.*, 160 Ga. App. 882 (288 SE2d 598) (1982). Since there was no evidence from which the jury could determine that there was a total failure of consideration on the part of appellant Greene, the jury verdict, which could only be reached after finding a total failure of consideration, cannot be allowed to stand.

Nonetheless, Johnson could still avail himself of the defense of partial failure of consideration. "[W]here the evidence authorizes the conclusion that the failure is not total but partial only, the burden devolves upon the defendant to prove the dollar amount of his damages or suffer judgment against him. [Cit.]" *Camelot Club Condominium Assn. v. Metro Lawns*, 161 Ga. App. 574 (3) (288 SE2d 325) (1982). "In a plethora of cases, this court has held 'the question of damages cannot be left to speculation, conjecture, and guesswork.' [Cit.] The jury must be able to calculate the amount of loss from the data furnished, and will not be placed in a position where an allow-

ance of the loss is based on guesswork. [Cit.]" *Roland v. Byrd*, 163 Ga. App. 408, 410 (294 SE2d 626) (1982). While there was some testimony as to the amount due on the $24,000 note, payment of which was conditioned on appellant's compliance with the covenant not to compete, and there was evidence that appellant had not complied with the covenant, appellee's failure to prove the partial failure of consideration with the particularity and certainty required entitled appellant to a directed verdict. However, a thorough reading of the transcript and record of this appeal leads us to the conclusion that this is a suitable case for the exercise of the discretion given us in OCGA § 9-11-50 (e): "Where error is enumerated upon an order denying a motion for directed verdict and the appellate court determines that the motion was erroneously denied, it may direct that judgment be entered below in accordance with the motion, or may order that a new trial be had, as the court may determine necessary to meet the ends of justice under the facts of the case." Accordingly, the trial court is directed to grant appellant a new trial on the counterclaim. *Roland v. Byrd*, supra, p. 411.

*Judgment reversed with direction. Banke, P. J., and Pope, J., concur.*

DECIDED APRIL 30, 1984.

*Albert B. Wallace, William R. L. Latson, Carl A. Adcock*, for appellant.

*Charles J. Vrono*, for appellee.