75480. CHRISTOPHER et al. v. GRIFFIN.
(364 SE2d 892)

CARLEY, Judge.

Appellee-plaintiff contracted with appellant-defendants to perform certain repair and paint work. According to appellee, he performed all such contract work as it was possible for him to accomplish until further action was taken by appellants. When appellants refused appellee's demand to be paid under the contract, appellee filed suit alleging breach of contract. During the course of the jury trial, appellee proved the contract and offered evidence as to his performance thereunder. Appellants denied neither the existence nor the terms of the contract, but offered evidence that appellee had failed to perform the contract in a satisfactory manner. Appellants also offered evidence of the additional expenses that they had incurred in connection with the satisfactory completion of such work as appellee had otherwise contracted to perform. At the close of all of the evidence, the trial court granted appellee's motion for a directed verdict in the amount of the contract price less the amount of the payments previously made to appellee under the contract and less the amount that appellants showed they had incurred as the cost of having the job completed to their satisfaction. Appellants appeal from the judgment entered on the directed verdict.

Appellants' sole enumeration is that the trial court erred in

granting appellee's motion for directed verdict, in that there existed "a material conflict in the evidence presented to the court." "[W]here, as here, the defense to a suit on contract is a plea of failure of consideration and where the evidence authorizes the conclusion that the failure is not total but partial only, the burden devolves upon the defendant to prove the dollar amount of his damages or suffer judgment against him. [Cit.]" *Camelot Club Condominium Assn. v. Metro Lawns*, 161 Ga. App. 574, 575-576 (3) (288 SE2d 325) (1982). Appellants' evidence showed, at most, a partial failure of consideration. Based upon all of the evidence presented, the damages that were awarded to appellee on the directed verdict represented the minimum recovery that the jury would have been authorized to return for him. This is so because that award represents the trial court's deduction from the agreed upon contract price of the maximum dollar amount that the jury would have been authorized to find that appellee's partial failure of consideration had damaged appellants. Accordingly, if the trial court erred in granting appellee's motion for directed verdict, it was error which was beneficial to appellants. Under the evidence, the jury would have been authorized to return a greater award in favor of appellee if it disbelieved appellants' partial failure of consideration defense, but the jury would not have been authorized to return a lesser award in his favor if it accepted appellants' partial failure of consideration defense in its entirety. Since the error, if any, was beneficial to appellants, the judgment must be affirmed.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JANUARY 6, 1988.

*F. Carter Tate*, for appellants.
*James C. Warnes II*, for appellee.