A94A2691. BOLLEN v. HARKLEROAD & HERMANCE, P.C.
(456 SE2d 73)

POPE, Presiding Judge.

Plaintiff/appellee Harkleroad & Hermance, P.C., an Atlanta law firm, brought suit against defendant/appellant, a former client of the firm, seeking the payment of attorney fees and expenses incurred in its representation of defendant. The case proceeded to trial, and following the presentation of evidence by both sides, the trial court directed a verdict for plaintiff and entered judgment in its favor in the sum of $22,409.28 for attorney fees and expenses, plus interest in the sum of $16,237.80. Defendant appeals.

1. Defendant contends the trial court erred in directing a verdict for plaintiff because conflicting evidence was presented as to the reasonableness of the legal fees charged by plaintiff.

Defendant first employed plaintiff in late 1987 to negotiate a severance package from his former employer, the Simmons Company. In 1989, defendant signed a retainer agreement (agreement) with the firm to represent him in pursuing a claim against his former employer for certain pension benefits (ERISA litigation). As to the payment of fees, the agreement provided that "[i]n consideration of these services, you will promptly pay to us those fees, and reimburse to us all out-of-pocket expenses, that are incurred on your behalf. Our rates are based on the experience and relative capabilities of attorneys and paralegals assigned to any given project and are based on hourly rates only in part. Other factors such as unusual time requirements and special expertise are also taken into account. Our hourly rates run from $75.00 per hour to $250.00 per hour." The agreement then listed some of the attorneys who might work on defendant's case, as well as their hourly rates as of the date of the agreement. The agreement also provided for the payment of interest on past due bills at the rate of one-and-one-half percent per month.

Don Harkleroad testified at trial that the rates charged in the agreement were reasonable for the Atlanta area. Harkleroad also es-

tablished that defendant was only billed for services actually rendered, and that, in his opinion, the number of hours billed by the attorneys working on defendant's case was reasonable. Harkleroad also testified that defendant's bill had been "written down" or reduced on six occasions. Defendant did not present any evidence to dispute Harkleroad's testimony that the services were rendered, or that the statements he received reflected the accurate number of hours worked on his case. However, defendant did present the testimony of two of the attorneys who worked on his case at the Harkleroad firm that some of the fees charged were unreasonable. Bill Cohen, a former partner at Harkleroad, testified that he was a specialist in the substantive area of law involved in defendant's case, but that he was inexperienced in litigation and thus, he concluded after he left the firm[1] that defendant should have been billed for his services at a lower hourly rate than he customarily charged for matters within his expertise. Cohen further testified that he did turn in all his time worked on the case, but that Don Harkleroad was in charge of billing for the firm and that he expected defendant to be billed only for the time that was reasonable. Cohen also testified that when defendant complained to him about the bills, he instructed him to take it up with Don Harkleroad, but that he never told Harkleroad that he felt defendant should not be billed for all his time, or that he should be billed at a lower hourly rate on certain matters. Cohen stated his opinion that defendant's bill should be "written down" by $10,000, but he did admit on cross-examination that he could only estimate how much of his time was spent on matters not within his expertise.

Gallo, who was the partner who supervised the litigation aspects of defendant's case for the firm, testified that defendant called him in February 1990 and complained to him about the billings. Gallo assured defendant he would review the statements and instructed defendant not to pay in the interim. Gallo further testified that he did not have an opportunity to review the statements until July, approximately one month after he left the firm, and that after reviewing the statements at that time he confirmed his initial impression that they were too high. Gallo testified that the problem with the billings, in his opinion, was that Cohen had spent a good deal of time on litigation matters, and that because of his inexperience as a litigator, those services should have been billed at the rate of a first year litigation associate instead of Cohen's customary rate for areas within his expertise. Gallo testified that according to his calculations, defendant had been overbilled by approximately $14,400. Gallo also testified that he did

---

[1] Both attorneys testifying for defendant at trial worked for the same law firm, and they continued to represent defendant in the ERISA litigation after they left Harkleroad & Hermance, P.C.

not know what portion of the bills previously had been written down by Harkleroad.

"A plea of total or partial failure of consideration is a permissible defense to an action founded upon a contract. The burden of proving a prima facie case to recover (on the contract) is on the one claiming under the contract. The burden of sustaining the plea of total or partial failure of consideration is on the one asserting the defense. If [defendant] relies upon a total failure he must show that the [services] were wholly without value; if he relies upon a partial failure he must show the extent of the failure with such particularity and certainty that the jury or judge could, without guesswork or speculation, arrive at the amount. Where it appears from the evidence that the goods have some value, a plea of total failure of consideration has not been sustained, and absent proof of the extent of the failure, partial failure of consideration has not been sustained." (Citations and punctuation omitted.) *Greene v. Johnson*, 170 Ga. App. 760, 761 (318 SE2d 205) (1984); *Coast Scopitone, Inc. v. Self*, 127 Ga. App. 124, 126 (1) (192 SE2d 513) (1972).

It is clear that defendant's defense in this case is one of partial rather than total failure of consideration, in that he challenges only some of the fees as excessive. Moreover, for purposes of this appeal, we will assume without deciding that the testimony presented by defendant's witnesses was sufficient to present a jury question concerning whether a portion of the fees charged was excessive and unreasonable. However, we agree with plaintiff that defendant failed to establish his defense of partial failure of consideration with the requisite specificity. "Equally clear is the insufficiency of evidence upon which a jury could accurately ascertain the extent or partial failure of consideration. [Cit.]" *Pepsico Truck Rental v. Eastern Foods*, 145 Ga. App. 410, 411 (243 SE2d 662) (1978). First, had this case gone to the jury, they would have been charged with the virtually impossible task of separating out services that may have involved Cohen's area of expertise from those that did not. Although trial attorneys in general may be more familiar with certain types of pleadings, documents or proceedings, a knowledge of the substantive area of the law involved in the case is obviously necessary. A specific example of this problem is illustrated by Cohen's testimony concerning a deposition taken in the case. Depositions are, of course, routinely taken by parties involved in litigation. However, Cohen testified that while the litigation associate who worked on defendant's case actually "took" the deposition, he "coached" the associate in the substantive area of the law. Was this then an "ERISA" matter for which defendant was reasonably billed at Cohen's customary rate or a litigation matter which, according to defendant, should have been billed at half that rate? Or should the associate's rate instead of Cohen's been reduced to reflect

his unfamiliarity with the substantive area of the law involved in the case? This to us illustrates the false dichotomy between litigation and substantive law expertise that lies at the heart of defendant's failure to prove his defense of partial failure of consideration in this case.

Moreover, even accepting defendant's position that a jury could separate the purely litigation services from others performed by Cohen in this case, we find defendant still did not carry his burden of proof of establishing his defense at trial. As stated previously, defendant's own witnesses did not agree about how much of the fees charged was excessive. Cohen testified defendant had been overbilled by approximately $10,000 and Gallo testified defendant had been overbilled by approximately $14,400. The witnesses also did not know if some of the amounts they contended were excessive were included within the amounts that previously had been written off by the plaintiff, and defendant did not present sufficient other evidence that would have enabled a factfinder to make that determination.

" '(W)here the evidence authorizes the conclusion that the failure is not total but partial only, the burden devolves upon the defendant to prove the dollar amount of his damages or suffer judgment against him. (Cit.)' [Cit.] 'In a plethora of cases, this court has held "the question of damages cannot be left to speculation, conjecture, and guesswork." (Cit.) The jury must be able to calculate the amount of loss from the data furnished, and will not be placed in a position where an allowance of the loss is based on guesswork. (Cit.)' [Cit.] [Defendant's] failure to prove the partial failure of consideration with the particularity and certainty required entitled [plaintiff] to a directed verdict." *Greene*, 170 Ga. App. at 761-762. Cf. *Beatty v. LaSonde*, 147 Ga. App. 138 (1) (248 SE2d 202) (1978).

2. Defendant also contends the fee agreement is illegal and unenforceable if it is construed to allow the collection of an excessive and unreasonable fee. However, because of our holding in Division 1, it is unnecessary for us to consider this argument; as we stated in that division, even accepting defendant's proposition that *some* of the fees were unreasonable, the direction of the verdict for plaintiff was nevertheless proper in this case because of his failure to prove his defense with the requisite specificity. The problem in this case is one of failure of proof, not illegality of the contract sued upon. Moreover, this court has previously held that a plea of partial failure of consideration is permissible as a defense to a suit on a fee contract. *Beatty v. LaSonde*, 147 Ga. App. at 138.

3. It likewise follows from our holding in Division 1 that it is unnecessary for us to consider defendant's third enumeration of error, pertaining to the cross-examination of Harkleroad about certain provisions of the Code of Professional Responsibility.

4. Defendant would undoubtably and correctly contend that it is

necessary, however, for us to address his fourth enumeration challenging the trial court's judgment to the extent it awarded plaintiff interest in the amount of $16,237.80. Defendant acknowledges that "[i]nterest at greater than the legal rate can be charged on commercial accounts either pursuant to OCGA § 7-4-2 (a) (1) (A) or OCGA § 7-4-16," but argues that plaintiff was not entitled to recover interest at the rate stated in the agreement because the evidence presented at trial showed that on one or two occasions the interest was calculated in such a manner as to result in violation of the usury laws of this state. However, "[a] mistake in calculation or by inadvertence, not shown to be part of a usurious design or otherwise intentional, does not make a loan usurious. [Cits.]" *Sumner v. Adel Banking Co.*, 244 Ga. 73, 74-75 (2) (a) (259 SE2d 32) (1979). See also *Reese v. Robins Fed. Credit Union*, 150 Ga. App. 1, 3 (2) (256 SE2d 604) (1979). The trial court did not err in awarding interest to plaintiff in the amount of $16,237.80. See *Lundy v. Low*, 200 Ga. App. 332, 334-335 (408 SE2d 144) (1991).

5. In his final enumeration, defendant assigns error to the trial court's refusal to admit a letter written by the litigation associate who worked on his case, who was deceased at the time of trial. Defendant urges that this letter was relevant and should have been admitted to establish his state of mind in not paying the bill. However, defendant's state of mind in not paying his bills was not relevant, see Division 4, and furthermore, even if it was relevant to any issue in this case, other evidence was admitted concerning why defendant did not pay his bill. We find no error in the trial court's refusal to admit the letter under the facts of this case.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 15, 1995 —
RECONSIDERATION DENIED MARCH 28, 1995 —

*McAlpin & Henson, Kirk M. McAlpin, Jr.,* for appellant.
*Schwall & Schwall, Emory A. Schwall,* for appellee.