**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 10, 2015**

# In the Court of Appeals of Georgia

A15A0040. HALL v. PROSERO, INC f/k/a FACILITYPRO.COM
    CORP.

DILLARD, Judge.

Lawrence W. Hall appeals the trial court's grant of summary judgment to Prosero, Inc., formerly known as FacilityPro.com Corp. ("Prosero"), on Prosero's suit to recover on a promissory note executed by Hall. Hall contends on appeal that the trial court erred in granting summary judgment to Prosero when genuine issues of material fact remain as to whether the note suffered from a partial failure of consideration. For the reasons set forth *infra*, we affirm.

At the outset, we note that summary judgment is proper only when no genuine issue of material fact exists and "the moving party is entitled to judgment as a matter

of law."[1] And when ruling upon a motion for summary judgment, the opposing party must be given "the benefit of all reasonable doubt, and the evidence and all inferences and conclusions therefrom must be construed most favorably toward the party opposing the motion."[2] Thus, when we review the grant or denial of summary judgment, we conduct a *de novo* review of the law and evidence.[3]

Viewed in the light most favorable to Hall (*i.e.*, the nonmovant),[4] the record reflects that Hall joined Prosero in 2001 as the president and COO when the company was struggling in the aftermath of the dot-com market crash of the early 2000s. Due to the sudden decline in stock prices, and concurrent with Hall's arrival, the company decided to abandon its software-development operations and shift its focus instead to outsourced equipment-procurement operations. Within six months of his arrival, Hall was promoted to CEO of Prosero.

---

[1] *Merritt v. Marlin Outdoor Advertising, Ltd.*, 298 Ga. App. 87, 87 (679 SE2d 97) (2009) (punctuation omitted).

[2] *Id.* (punctuation omitted).

[3] *Id.*

[4] *See id.*

Although the company continued to operate at a loss, the board of directors decided to incentivize Hall through increased compensation. And following a compensation meeting (in which Hall did not participate), the board offered Hall a $50,000 raise (to a salary of $250,000) and stock options of 500,000 shares exercisable at $1.25 per share. Then, in order to obtain potentially more favorable tax treatment via capital gains rather than income tax, Hall exercised (on January 16, 2002) nonqualified stock options contemporaneously by executing a full-recourse promissory note for $625,000, which was backed by the 500,000 shares of stock. The note provided that Hall would pay interest on the original principal amount at the Wall Street Journal prime rate plus 1/4 percent, contained an original maturity date of January 15, 2007, and included an acceleration clause that required full payment due within 30 days of Hall's termination by Prosero.

In May 2004, Hall's employment with Prosero was terminated and, in connection with his departure, the parties executed a separation agreement that, *inter alia*, extended the maturity date of the note to January 15, 2010, and deleted the acceleration provision. Hall also executed an amendment to the note, acknowledging that the "entire outstanding principal and all accrued interest shall be due and payable in full on January 15, 2010."

3

In January 2007, majority ownership of Prosero changed, and in 2010, the new management sought to collect upon Hall's unpaid note.[5] Then, on March 17, 2010, Prosero filed suit against Hall for breach of contract and sought an award of attorney fees and costs. Hall raised several affirmative defenses in response, including partial failure of consideration.[6]

Prosero subsequently filed a motion for summary judgment, which the trial court denied in January 2012. This Court and the Supreme Court of Georgia both declined to review an interlocutory appeal by Prosero. Then, in May 2014, and in anticipation of trial, Prosero filed two motions in limine. The trial court, in an order dated June 11, 2014, recast these motions as a "Collective Motion for Reconsideration" of the court's denial of Prosero's motion for summary judgment. The court then granted summary judgment to Prosero, concluding that the agreement between Prosero and Hall was unambiguous and that "full consideration was given to the Secured Promissory Note when Hall exercised his option to purchase Prosero's 500,000 shares of common stock for the aggregate purchase price of $625,000." This

[5] It is undisputed that Hall has not paid upon the note.

[6] *See* OCGA § 13-5-9 (total or partial failure of consideration may be pleaded as a defense to enforcement of a promise). *Cf. Merritt*, 298 Ga. App. at 87 (holding that a partial failure of consideration can support a claim for breach of contract).

4

appeal by Hall follows, in which he contends that the trial court erred in granting summary judgment to Prosero when there is a genuine issue of material fact as to whether the note suffered from a partial failure of consideration. And as this Court explained in *Greene v. Johnson*,[7] the burden of sustaining the defense of total or partial failure of consideration falls upon the one asserting the defense.[8]

Initally, we note that Hall spends much of his brief relating the financial and business history of Prosero before, during, and after his employment with the company in order to question the board's methodology and valuation of the stock at $1.25 in January 2002. And ultimately, he contends that there is a genuine issue of material fact as to his defense of partial failure of consideration because, according to his expert witness, the fair-market value of the Prosero stock on January 16, 2002, was the nominal value of $0.01 per share and *not* $1.25 per share. We find this argument unavailing.

Here, the evidence shows that Hall received *full* consideration because he executed a promissory note for $625,000 to purchase 500,000 shares of Prosero stock

---

[7] 170 Ga. App. 760 (318 SE2d 205) (1984).

[8] *Id.* at 761; *accord West v. Diduro*, 312 Ga. App. 591, 594 (718 SE2d 815) (2001) (physical precedent only).

5

at $1.25 a share. Indeed, Hall himself testified that the shares had *some* value at the time he executed the note, and even his expert's testimony that the shares were worth $0.01 is evidence that the shares had at least a nominal fair-market value. Accordingly, there is not a complete failure of consideration in this case.[9]

---

[9] *See Herrmann & Henican v. De La Perriere*, 47 Ga. App. 541, 543 (1) (171 SE 232) (1933) ("The fact that the stock was intrinsically worthless when the contract was made does not amount to a total failure or want of consideration, if it had a market value when sold. It must, on the day of the sale and on the day it was tendered, *have neither a market value nor an intrinsic value* to be a defense on the ground of a total failure or want of consideration." (emphasis supplied)); *see also Coast Scopitone, Inc. v. Self*, 127 Ga. App. 124, 126 (1) (192 SE2d 513) (1972) ("Where it appears from the evidence that the goods have some value, a plea of total failure of consideration has not been sustained . . . ." (citations omitted)); *Anchor Sign Co. of Ga., Inc. v. PS Heating & Air Conditioning Co.*, 125 Ga. App. 207, 207 (186 SE2d 892) (1971) ("The evidence showed that there had not been a total failure of consideration because the defendant had attained a benefit from the use of the air conditioning unit. Therefore, the defendant's only defense would have been a partial failure of consideration."); *Herrman & Henican v. De La Perriere*, 56 Ga. App. 749, 751 (194 SE 42) (1937) ("The defendant would also be entitled to a verdict in his favor if it appeared from the competent evidence and to the satisfaction of the jury that the stock was worthless both at the time of the sale and at the time of the tender, or, in other words, that the sale was without consideration."). *See generally* 17 Williston on Contracts § 51:18 (4th ed.) (discussing the defense of failure of consideration for the sale of securities and noting that, "[i]f the parties are dealing at arm's length . . . and neither buyer nor seller is guilty of fraud, the defense of failure of consideration will not, by the weight of authority, prevail, unless the stock or other security had neither a market value, nor an intrinsic value both on the day of the contract and on the day of tender").

Likewise, there is no evidence of a *partial* failure of consideration in the case *sub judice*. Indeed, while the defense of total failure of consideration requires a defendant to "show that the goods were wholly without value,"[10] a partial failure of consideration is demonstrated by showing the extent of such failure "with such particularity and certainty that the jury (or judge) could, without guesswork or speculation, arrive at the amount."[11] This, Hall cannot do.[12]

---

[10] *Coast Scopitone*, 127 Ga. App. at 126 (1); *see also Jones v. Dixie O'Brien Div., O'Brien Corp.*, 174 Ga. App. 67, 68 (1) (329 SE2d 256) (1985) (holding testimony that, *inter alia*, "paint at issue was defective and of no value whatsoever" was "sufficient evidence that the consideration had totally failed" (punctuation omitted)); *Fagala v. Morrison*, 146 Ga. App. 377, 377 (1) (246 SE2d 408) (1978) (holding, when defendant raised affirmative defense of total failure of consideration, that even assuming the acquired stock "*became* worthless, the worthlessness of the stock did not constitute a failure of consideration" when, in exchange for note, defendant received "2,500 shares of stock . . . , as well as all rights, privileges, and benefits of a shareholder, director, and officer" (emphasis supplied) (punctuation omitted)).

[11] *Pepsico Truck Rental, Inc. v. E. Foods, Inc.*, 145 Ga. App. 410, 411 (1) (243 SE2d 662) (1978) (quoting *Coast Scopitone*, 127 Ga. App. at 126 (1)); *see also Anchor Sign Co. of Ga.*, 125 Ga. App. at 208 ("The proof offered must substantiate to what extent the consideration has failed so that it would be possible for the jury or for the court to determine the extent of failure of consideration. Absent such proof, the defense of partial failure of consideration must fail."); *Hall v. Southern Sales Co.*, 81 Ga. App. 392, 392 (58 SE2d 925) (1950) (noting that "in order to authorize a recovery by the defendant under a plea of a partial failure of consideration . . . the defendant must establish by the evidence some data by which a jury could determine not only that there was a partial failure of consideration, but the extent of the failure, that is, the amount allowable to the defendant on account of this partial failure of

7

Specifically, Hall argues that a genuine issue of material fact exists as to whether there is a partial failure of consideration for the promissory note when, according to his expert, the 500,000 shares of stock he received were worth $0.01 at tender and execution, not $1.25. But contrary to Hall's characterization, this is actually an argument that the consideration was *inadequate*.[13] And inadequacy of consideration is not, in and of itself, a defense to an action on a contract.[14] That said,

consideration").

[12] When a defendant is able to show that there has been a partial failure of consideration, he or she is then entitled to abatement of the purchase price to the extent the consideration may have failed. *See Coast Scopitone*, 127 Ga. App. at 126 (1) ("While a plea of total failure of consideration includes a partial failure, upon proof of which the defendant is entitled to an abatement of the purchase price to the extent the consideration may have failed, the burden of proof in establishing either is on the defendant." (citation omitted)).

[13] *Compare* OCGA § 13-3-46 ("Mere inadequacy of consideration alone will not void a contract."), *with* OCGA § 11-3-303 (b) ("'Consideration' means any consideration sufficient to support a simple contract. The drawer or maker of an instrument has a defense if the instrument is issued without consideration. If an instrument is issued for a promise of performance, the issuer has a defense to the extent performance of the promise is due and the promise has not been performed. If an instrument is issued for value as stated in subsection (a) of this Code section, the instrument is also issued for consideration.").

[14] *See Littlegreen v. Gardner*, 208 Ga. 523, 523 (2) (67 SE2d 713) (1951) ("[T]he mere inadequacy of consideration alone will not avoid the contract."); *Merrit*, 298 Ga. App. at 89 (1) (same); *see also Bonem v. Golf Club of Ga., Inc.*, 264 Ga. App. 573, 577 (1) (c) (591 SE2d 462) (2003) ("We note that inadequacy of consideration

8

it is certainly true that inadequacy of consideration, if substantial, "is a strong circumstance to evidence fraud"[15] and, in a breach-of-contract action, the inadequacy of consideration will "always enter as an element in estimating the damages."[16] But Hall does not include fraud as an affirmative defense and he has not filed a counterclaim based on fraud. As a result, the trial court correctly granted summary judgment to Prosero because Hall cannot show a partial failure of consideration when there was no consideration wholly valueless as to any *part* of the note but, instead, as alleged by Hall, the consideration was simply *inadequate* in point of actual total value to the note.[17]

---

is not in and of itself a defense to an action on a contract."). *See generally Colonial Funeral Home, Inc. v. Gilmore*, 1994 WL 521254, at *4 (Tenn. Ct. App. 1994) ("'Inadequacy of consideration' is, as the term implies, a consideration not adequate or equal in value to the thing conveyed, and where the parties contract with a knowledge of what they are doing inadequacy of consideration is no ground for avoiding the contract."); 12A Fletcher Cyclopedia of the Law of Corporations § 5574 ("A distinction should be made between want or failure of consideration, which is a defense to an action between the parties, and inadequacy of consideration, which does not constitute a legal defense.").

[15] OCGA § 13-3-46.

[16] *Id.*

[17] *See Griffin v. Simmons*, 1872 WL 4174, at **2 (Tenn. 1872) ("In the case we are considering, the note was given upon one entire consideration – that is, one thousand dollars in depreciated bank papers – and this consideration went to the

For all of the foregoing reasons, we affirm the trial court's grant of summary judgment.

*Judgment affirmed. Ellington, P. J., and McFadden, J., concur.*

---

whole note at the time it was made. There was no consideration wholly valueless as to any part of the note. It is not therefore a case of partial want of consideration, but it is a case where the consideration was not adequate in point of actual value to the note given by the plaintiffs in error to the testator of the defendants in error."); *Parish v. Stone*, 1833 WL 2776, at **8 (Mass. 1833) ("Had the note been taken for two distinct liquidated sums, consolidated, and the consideration had been wholly wanting, or wholly failed as to one, it seems quite clear, that according to well established principles, supported by authorities, the note, as between the original parties, and all those who stand in such relation, as to allow the defence (sic) of want of consideration, it would be competent to the Court to apportion the note, and consider it good in part, and void in part, and to permit the holder to recover accordingly."). *Cf. Bollen v. Harkleroad & Hermance, P.C.*, 217 Ga. App. 4, 6 (1) (456 SE2d 73) (1995) ("It is clear that defendant's defense in this case is one of partial rather than total failure of consideration, in that he challenges only some of the [legal] fees [he was charged] as excessive."); *Christopher v. Griffin*, 185 Ga. App. 499, 500 (364 SE2d 892) (1988) (defense of partial failure of consideration authorized in action for payment on certain repair and paint work performed); *Brown v. Commercial Credit Equip. Corp.*, 172 Ga. App. 568, 571-73 (2) (323 SE2d 822) (1984) (finding material conflicts in evidence on defense of partial failure of consideration in contract for the purchase of airplane when a portion of the payment included a disputed trade-in); *Greene*, 170 Ga. App. at 761 (opining that defense of partial failure of consideration was still available, despite inability to prove total failure, in case concerning sale of accounting business that involved two promissory notes and execution of covenant not to compete).