### 973.  FLEMING *v.* SATTERFIELD.

HILL, C. J.  1. "The rule is well settled that where the parties have reduced to writing what appears to be a complete and certain agreement, importing a legal obligation, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the whole of the agreement between the parties; and parol evidence of prior, contemporaneous, or subsequent conversations, representations, or statements will not be received for the purpose of adding to or varying the written instrument." 2 Mechem on Sales, § 1254; Civil Code, § 5201.

2. Where a promissory note is given for the purchase-money of a mule, which is unambiguous and unconditional, and contains no warranty of the soundness of the mule, no express warranty can be added to the note by parol; and a plea which set up an express warranty, alleged to have been made by parol contemporaneously with the execution of such a note, was properly stricken on demurrer. *Bullard* v. *Brewer,* 118 *Ga.* 918 (45 S. E. 711); *Seitz* v. *Brewers' Refrigerator Co.,* 141 U. S. 510 (12 Sup. Ct. 46, 35 L. ed. 837); 2 Mechem on Sales, § 1254.

POWELL, J., dissents, because he does not think this a case in which the principle of the first headnote is applicable.

*Judgment affirmed.*

Complaint, from city court of Hartwell—Judge Hodges. December 30, 1907.

Argued February 25,—Decided May 18, 1908.

The action was on a promissory note for $135 principal, dated January 2, 1907, and due 30 days after date, which recited that it was given for the purchase-money of "one blue horse-mule, 4 years old." The defendant filed a plea as follows: On January 2, 1907, he traded to the plaintiff a mule, worth $100, for the mule for which the note sued upon was given. He agreed to give the plaintiff $135 difference in the trade, which was to be paid in 30 days. The plaintiff guaranteed the mule traded to the defendant to be sound and all right in every particular. Before the trade was consummated the defendant discovered a knot on the right shoulder of the mule which the plaintiff traded to him, and he called the plaintiff's attention to it. The plaintiff expressly guaranteed that the knot had recently come there, and that it would

disappear in 30 days, and that it would never injure the work or appearance of the mule. The defendant, having confidence in the plaintiff and relying on this express warranty and the express warranty that the mule was sound otherwise, traded for the mule and gave to the plaintiff the note sued on. The said knot has not disappeared and is about the same size it was when the defendant traded for the mule; and it injured the mule in work and in appearance. The said mule was not a sound mule, as expressly warranted by the plaintiff. It was at the time and is now a "dung eater;" and it is deficient in its right hind leg. The defendant is unable to tell what is the matter with its hind leg, but in plowing or working to the wagon, after it is driven a while, it begins to throw its leg out against the trace-chains, and continues to do this, and, in so doing, it rubs off the hide and flesh from said leg and makes the leg sore. The mule is not a sound mule, and was not at the time the plaintiff traded it to the defendant. On account of the foregoing defective condition of the mule, $100 is a fair and reasonable price for it; and the defendant paid the plaintiff that amount at the time of the trade, in letting the plaintiff have a mule that was worth that amount. For the foregoing reasons, the consideration of the note sued upon has totally failed, and the defendant is not indebted to the plaintiff in any sum whatever. On the trial the plaintiff moved that the court strike the plea, on the ground that the note sued on contained no warranty as to the soundness of the mule, and that the plea set forth facts which would add to the note an express warranty. The court sustained this motion, and then directed a verdict in favor of the plaintiff. The defendant excepted.

*James H. Skelton,* for plaintiff in error, cited: Civil Code, §§ 3675, 5091; *Aultman* v. *Mason,* 83 *Ga.* 218; 2 *Suth. Dam,* 134. *Bullard* v. *Brewer,* 118 *Ga.* 918, distinguished.

*A. A. McCurry, A. S. Skelton,* contra, cited, besides the authorities cited in the decision, Benj. Sales (17th ed., 1899), 666; 17 Cyc. 593-4, 611, 716-17.