## DeLay *v.* Galt.

ATKINSON, J. Where, to a suit on a note, the defendant admits the due execution of the note and pleads total failure of consideration, the burden is upon him to establish that plea. The evidence was not of such a character as to demand a verdict for the defendant, and the court erred in directing the same.

*Judgment reversed. All the Justices concur.*
FEBRUARY 23, 1914.

Complaint. Before Judge Morris. Cherokee superior court September 20, 1912.

*Sharp & Sharp* and *E. W. Coleman,* for plaintiff.
*J. Z. Foster, P. P. DuPre,* and *G. I. Teasley,* for defendant.

---

## Henry *v.* Etowah Dredging Company.

### Ricketts, receiver, *v.* Henry.

FISH, C. J. 1. The petition was sufficient to withstand a general demurrer.
2. Although the evidence introduced by the plaintiff from some of his witnesses may have conflicted with his testimony as to whether the machinery which caused the injury to him was safely constructed, and whether the injury was brought about by the plaintiff's own carelessness in the manner of its operation, yet in the light of his own testimony it can not be said that there was no evidence authorizing the case to be passed on by the jury. The differences in the testimony of witnesses introduced by the plaintiff do not furnish ground for nonsuit, if there is evidence sufficient to carry the case to the jury. What the truth may be is for their determination.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*
FEBRUARY 23, 1914.

Action for damages. Before Judge Morris. Cherokee superior court. September 17, 1912.

*A. H. Davis,* for plaintiff.
*J. Z. Foster, P. P. DuPre,* and *J. W. Collins,* for defendant.