## 50997. CRISTAL v. HARMON et al.

PANNELL, Presiding Judge.

This is an appeal by a landlord from the denial of a summary judgment in his favor in an action against the tenants for rentals and water and sewer charge bills. The appellant, Seymour Cristal subleased for a period of five years beginning August 1, 1972, a restaurant premises and certain equipment and furnishings therein to Alton Harmon, Janie Harmon, Charles T. Webb and Laura Webb. The sublease, hereinafter referred to as the lease, purported on its face to have been executed by the parties August 1, 1972, for a term of five years. The lease provided the premises shall be used as a restaurant. Paragraph 10 of the lease provided: "Lessee accepts the leased premises in their present condition and as suited for the uses intended by Lessee. Lessee shall, at his own expense, keep and maintain the said premises and appurtenances and every part thereof, in good order, and repair. Lessee agrees also to keep all fixtures pertaining to heating, water, sewer, electrical and sprinkler systems (if any) in good order and repair and agrees also that he is liable for any damage to such heating, water, sewer, electrical and

sprinkler systems (if any) if such damage is due to negligence of Lessee. Lessee agrees to return said premises to Lessor at the expiration of this lease in as good condition and repair as when first received, natural wear and tear, damage by storm, fire, lightning, earthquake or other casualty alone excepted. *Lessor shall have no maintenance or repair obligations of any nature whatsoever.*" (The italicized portion was typed in.) Just before the signatures under "special stipulations" there were certain additional provisions including a lease of equipment, a list of which was attached. These matters were included in Paragraph 5 of the special stipulations. The lease also contains this provision: "This lease contains the entire agreement of the parties hereto and no representations, inducements, promises or agreements, oral or otherwise, between the parties not embodied herein, shall be of any force or effect."

The tenants abandoned the premises approximately two years after entering into the lease and refused to pay further rentals under the lease. The landlord brought an action to recover the rentals due, and by amendment included further rentals, less credits for rentals paid by another lessee, which releasing the contract permitted. The amendment also sought recovery of unpaid water and sewer assessment bills. The defendants in their answer, admitted the vacating of the premises and the failure to pay the rentals claimed and pleaded that the landlord had made fraudulent representations as to the condition of the equipment and in particular the air conditioning system, which was a part of the building leased and was not listed on the equipment portion of the lease. They sought damages for the amounts paid for repairs and punitive damages. The evidence was in dispute as to whether the lease was actually executed on August 1, 1972, or at a later time; there being some evidence that it was signed after August 1st, but it is undisputed that the tenants went into possession before the signing of the lease for a period of seven to ten days, cleaning up and getting the premises in shape for opening. Certain of the equipment was found to be defective and the landlord said he would pay for the repairs. At the signing of the lease the tenants submitted to the landlord their bill for expenses and

repairing various pieces of equipment. The landlord objected as to the amount and said he would pay a stated sum, and that the remainder of the amount would be credit on the purchase of dishes, knives, forks, etc. The tenants accepted the landlord's payment on this condition. Subsequently, shortly before the tenants vacated the premises they presented the landlord with another bill for various repairs, etc. He refused to pay the amount submitted contending the charges were too high, but paid a part thereof, which payment was accepted by the tenants. There was ample proof that the air conditioning equipment gave quite a bit of trouble and was difficult to get repaired because it was a type of air conditioning which the local air conditioning mechanics were unfamiliar with. No effort was made out of the Atlanta area to obtain an air conditioning mechanic that could work upon this particular equipment. The landlord assisted on occasion in getting a mechanic to fix it. *Held:*

1. Where a contract of lease of real estate and equipment contains a provision "this lease contains the entire agreement of the parties hereto and no representations, inducements, promises, or agreements, oral or otherwise, between the parties not embodied herein, shall be of any force and effect" a claim that the tenants were induced to enter into such a contract by the fraudulent representations of the landlord as to the condition of the premises and the equipment, in the absence of fraud which prevents the reading of the contract, is not sustainable. *Fleming v. Satterfield,* 4 Ga. App. 351 (1, 2) (61 SE 518); *West v. Miller,* 32 Ga. App. 199, 200 (2) (122 SE 809); *Swofford v. First Nat. Bldg. &c. Assn.,* 184 Ga. 312, 314 (191 SE 103); *Morrison v. Roberts,* 195 Ga. 45 (1) (23 SE2d 164); *Toney v. Toney,* 196 Ga. 666 (2) (27 SE2d 296).

" 'Fraud which would relieve a party who can read must be fraud which prevents him from reading.' " *Sloan v. Farmers &c. Bank,* 20 Ga. App. 123 (92 SE 893); *Lewis v. Foy,* 189 Ga. 596 (6 SE2d 788); *Thomas v. Eason,* 208 Ga. 822 (3) (69 SE2d 729). Tenants who sign a lease containing such a stipulation when sued for the rent thereunder can not defend on the grounds of fraudulent representations as to the condition of the premises and

equipment where the fraud alleged did not prevent the reading of the contract.

2. Should we assume, even in view of the provision of the lease placing the duty of repair on the tenant, that they were entitled to recover for repairs made upon the landlord's promise to pay for the same, the evidence shows without dispute that the tenants, upon dispute as to the charges, accepted a lesser amount in accord and satisfaction and were, therefore, not entitled to recover on their counterclaim. See Code § 20-1201; *Walker v. O'Neill Mfg. Co.,* 128 Ga. 831 (2) (58 SE 475); *Redmond & Co. v. Atlanta & B. Air-line R.,* 129 Ga. 133 (58 SE 874).

3. The trial judge erred in overruling the landlord-appellant's motion for summary judgment.

*Judgment reversed. Quillian and Clark, JJ., concur.*

ARGUED SEPTEMBER 3, 1975 — DECIDED JANUARY 5, 1976.

*Ronald N. Winston, Drew J. Kovalak,* for appellant.
*Spence, Garrett & Spence, D. William Garrett, Jr.,* for appellees.