### 55129. CRYDER v. AMUSEMENTS OF AMERICA, INC.

DEEN, Presiding Judge.

This is an appeal from the grant of summary judgment to the defendant in a slip and fall case. We find no error.

Plaintiff in an unsworn complaint alleged only that at a county carnival she took a ride on the Flying Bob, an amusement machine, and at the completion of the ride she was forced to exit via a ramp constructed at a $45^0$ angle, that she fell on the ramp and the fall caused a fracture of her right arm.

The defendant's motion for summary judgment was supported by two affidavits. The first affiant, a person on duty at the Civil Aid First Aid Station, examined the part of the ramp where the fall occurred within five minutes of the accident and found it dry, clean, devoid of any foreign substance or any defects in the ramp itself. The second affiant, an insurance adjuster, examined the location four days later, noticed that the public was entering and exiting without difficulty, and by use of instrumentation established the level of incline to be $15^0$.

The purpose of summary judgment is to allow the movant to pierce the allegations of the pleading and show, if he can, that no genuine issue as to any material fact in truth exists. *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (138 SE2d 580). Pleadings unsupported by evidence do not create an issue of fact which will preclude the grant of a summary judgment. *Daniell v. Collins,* 222 Ga. 1 (148 SE2d 295). Therefore, the allegation that the ramp was constructed at a $45^0$ angle must yield to the uncontradicted sworn statement that, when measured with proper instruments, it proved to have only a $15^0$ angle. No other cause of the plaintiff's fall is suggested, nor is any other negligence on the part of the defendant to be inferred from the pleadings. No response to the motion for summary judgment was filed. While the burden is on

the movant to establish that no genuine issue of material fact exists, once the movant has done so the burden is on the respondent to submit proof or suffer judgment against him. *Childs v. Lee,* 224 Ga. 609 (163 SE2d 726). This the plaintiff has failed to do.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED JANUARY 5, 1978 — DECIDED JANUARY 26, 1978.

*Markwalter, Cook & Shaffer, R. Robider Markwalter,* for appellant.

*Martin, Snow, Grant & Napier, John C. Edwards,* for appellee.

*Judgment affirmed. Smith and Banke, JJ., concur.*