## 54937. PEPSICO TRUCK RENTAL, INC. v. EASTERN FOODS, INC.

BIRDSONG, Judge.

Breach of contract. On September 24, 1970, Eastern Foods, Inc. (Eastern) executed a truck rental and service contract with Pepsico Truck Rental, Inc. (Pepsico). The contract provided for cancellation by either party, pursuant to certain specific procedures, and further, that upon cancellation of the contract within the first three years of its inception, Eastern would purchase the vehicles covered by the contract, in accordance with valuation procedures contained therein. Trucks and service were thereafter provided by Pepsico, which, on July 29, 1972, purported to terminate the contract; Eastern refused to purchase the vehicles. Pepsico took possession of the vehicles, as authorized by the contract, sold them to one of three private bidders, and sued Eastern for a deficiency arising out of Eastern's refusal to purchase the vehicles in accordance with the contract. From an adverse jury verdict, Pepsico appeals. *Held:*

1. Eastern affirmatively alleged as a defense, inter alia, total failure of consideration. The trial court charged as follows: "Members of the jury, I charge you that in every contract there must be consideration flowing to both parties to the contract. That is to say that each party must derive some benefit from the contract. I charge you that in this case if you find that as part of the consideration for the contract the plaintiff represented and promised to the defendant certain hours of service or other specific benefits, and if you further find that the plaintiff failed to provide the promised benefits to the defendant, then you would be authorized to find that there has been a failure of consideration and would be authorized to find in favor of the defendant Eastern Foods, Inc." Proper objection to this charge was made by appellant.

Initially, we note that any oral representations allegedly made by appellant as inducements to the contract are "inadmissible to add to, take from, or vary a

written contract." Code Ann. § 20-704 (1). See Code Ann. § 38-501; *Cristal v. Harmon,* 137 Ga. App. 153 (223 SE2d 210). Of similar effect is a "merger" clause contained in the contract. *Cristal v. Harmon,* supra. The jury was therefore authorized to consider only the sufficiency of performance of the obligations specifically stipulated in the contract.

As to the defense of total failure of consideration, the burden of proof is upon the defendant. *Delay v. Galt,* 141 Ga. 406 (81 SE 195). "If he relies upon a total failure he must show that the goods were wholly without value; if he relies upon a partial failure he must show the extent of the failure with such particularity and certainty that the jury (or judge) could, without guesswork or speculation, arrive at the amount. [Cits.] Where it appears from the evidence that the goods have some value, a plea of total failure of consideration has not been sustained [cit.] and absent proof of the extent of the failure, partial failure of consideration has not been sustained. [Cit.]" *Coast Scopitone, Inc. v. Self,* 127 Ga. App. 124, 126 (192 SE2d 513). The undisputed evidence showed plainly that Eastern received some trucks and some services, which were adequate for some part of the lease period, as evidenced by Eastern's continued payment of sums due under the contract. It is clear that Eastern derived some benefit from the contract and therefore failed to establish a total failure of consideration. Equally clear is the insufficiency of evidence upon which a jury could accurately ascertain the extent or partial failure of consideration. *Anchor Sign Co. v. PS Heating &c. Co.,* 125 Ga. App. 207 (186 SE2d 892).

"It is error for the trial judge to charge the jury as to issues which are made by the pleadings but unsupported by the evidence. [Cits.]" *White v. Hammond,* 129 Ga. App. 408, 412 (199 SE2d 809). Moreover, even if an instruction on total failure of consideration were supported by the evidence, the charge quoted above, even when construed in context with the entire charge, did not accurately convey to the jury the principles embodied in Code Ann. § 20-310. While portions of the charge recognized the principles of partial performance, thus partial consideration, the charge also authorized the jury to find a

total lack of consideration merely from a showing of a partial failure of performance. That the charge was harmful is clear; the jury returned a verdict for the appellee that could have been based upon concepts of total nonperformance. Appellant's enumeration of error concerning the incorrectness of the trial court's charge on failure of consideration has merit.

2. Appellee contends that the lease arrangement was in reality a sale and therefore subject to the provisions of the Uniform Commercial Code (UCC), Code Ann. Ch. 109A-1 et seq. In support of this proposition, appellee relies upon a factually similar case, *Redfern Meats v. Hertz Corp.*, 134 Ga. App. 381 (215 SE2d 10). Assuming, without deciding (due to certain factual dissimilarities), that the lease in question did in fact constitute a "sale" or "transaction" within the intent of the UCC, appellee's reliance upon the remedies provided by the UCC is nevertheless misplaced. First, the UCC states clearly: "Acceptance of goods by the buyer precludes rejection of the goods accepted . . . ."; and, further: "Where a tender has been accepted (a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be *barred from any remedy* . . . ." (Emphasis supplied.) Code Ann. § 109A-2—607. The evidence does not disclose a proper timely rejection of the goods in question, either as required by the UCC or as specifically required by the contract itself. See Code Ann. § 109A-1—102 (3). Second, the remedies provided by the UCC are applicable only to the sale of goods, and not services. Code Ann. § 109A-2—314; *Redfern Meats v. Hertz Corp.*, supra. Appellee's defenses, as set forth in its answer, related solely to the inadequacy of *services*, not the goods themselves. Accordingly, appellee, alleging only inadequacy of consideration as to services, may not avail itself of UCC remedies relating to nonconforming goods.

3. In view of our holding in Division 1, appellant's remaining enumerations of error need not be considered.

*Judgment reversed. Bell, C. J., and Shulman, J., concur.*

ARGUED JANUARY 16, 1978 — DECIDED MARCH 9, 1978 —

REHEARING DENIED MARCH 28, 1978 —
CERT. APPLIED FOR.

*Hansell, Post, Brandon & Dorsey, Paul Oliver, Gary W. Hatch,* for appellant.
*Smith, Cohen, Ringel, Kohler & Martin, John A. Howard,* for appellee.