60013. HENCO ADVERTISING, INC. v. GEOGRAPHICS, INC.

Deen, Chief Judge.

The plaintiffs, Geographics, Inc., brought suit against Henco Advertising, Inc., to recover the amount owing for the printing of more than 350,000 advertising brochures. Henco appeals from the denial of its motions for a judgment notwithstanding the verdict and for a new trial.

1. The trial court did not err in denying Henco's motion for a j.n.o.v.

Appellant first contends that there is no conflict in the evidence that an implied warranty of fitness for a particular purpose was created and that the brochures did not meet that standard. The testimony of Geographic's president shows that no warranties, either oral or written, were offered to appellant. Henco's president admitted that a guarantee was never offered or a part of the bargain and that he did not demand perfect printing. However, a jury could find that an implied warranty did exist by appellee's actions in using samples of its work during pre-contract negotiations. The existence of warranties, where the evidence is in conflict, is a jury question.

*Ramsey Brick & Sales Co. v. Outlaw,* 152 Ga. App. 37 (262 SE2d 227) (1979). Plaintiff's expert witness testified that the brochures were good quality printing. Appellant also produced an expert witness who testified that the alleged defects were "minimal" and a natural problem related to appellant's design and that he had approved and delivered similar products to his own customers which contained more defects than those produced by appellee. As the testimony of these experts was uncontradicted, the trial court did not err in denying appellant's motion.

Appellant's argument that rejection of the brochures was proper under Code Ann. §§ 109A-2—601 and 109A-2—602 is also without merit. The evidence shows that Henco wrote a letter rejecting the brochures several weeks after their delivery. Henco contends that it telephoned Geographics several times expressing dissatisfaction with the work, but Geographics claims that it first heard of the rejection by Henco's letter. Clearly a jury question arose as to whether Henco's rejection was within a reasonable time after delivery.

2. The trial court did not err in charging the jury on failure of consideration. Contrary to appellant's contentions, the court did not charge the jury on the failure of the consideration that went to the existence of the contract, the court charged appellant's defense to the contract. See Calamari & Perillo, *The Law of Contracts,* 250 (1970); Code §§ 20-310, 20-902. The jury was charged that it was to determine whether the brochures had any value and if they did, it was to award the plaintiff the value it was able to compute. The charge was supported by the evidence. While contending the brochures were too defective to be used for advertising purposes, appellant's president testified that the brochures had some value, provided some benefit to his firm, and that about one-half of the press run was defective. He used approximately 500 of the samples of the trial run at a sales meeting and sent 100 copies to a customer who needed them.

3. The trial court did not err in charging that the plaintiff has the burden of proof by a legal preponderance of the evidence and that the defendant had the burden of proof as to its defense of failure of consideration. *DeLay v. Galt,* 141 Ga. 406 (81 SE 195) (1913); *Pepsico Truck Rental, Inc. v. Eastern Foods, Inc.,* 145 Ga. App. 410 (243 SE2d 662) (1978).

4. Appellant also contends that the trial court erred in charging ". . . that when a contract for sale of goods is entire and part of the goods sold does not fulfill its requirements, the buyer may reject all of the goods and he does not have to accept any of them where the defects are in a material part of the goods," and later charged: "the buyer, Henco Advertising, had the option to either reject the whole

lot, or accept the whole lot, or accept any commercial unit or units and reject the rest." Any error in giving the first charge is not harmful to appellant. Indeed, the second charge, which is based upon Code Ann. § 109A-2—610, encompasses the fact that the buyer had the right to reject the whole lot and any emphasis of that right could only serve to benefit the appellant. Accordingly, any error in the charge was harmless.

5. The trial court correctly charged the jury that it should grant a verdict to the plaintiff if it is unable to "calculate with accurateness and without using guesswork or speculation, the extent of the partial failure of consideration." See *Pepsico Truck Rental, Inc. v. Eastern Foods, Inc.,* supra.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED JUNE 2, 1980 — DECIDED SEPTEMBER 5, 1980.

*Michael C. Murphy, Charles W. Whitney,* for appellant.
*Robert E. Stagg,* for appellee.