### 62372. SNIPES v. HALPERN ENTERPRISES, INC.

SOGNIER, Judge.

Snipes entered into a lease agreement with Halpern Enterprises for commercial property located in a shopping center. After taking possession, Snipes became dissatisfied with the premises because of problems with a neighboring tenant and the landlord's alleged failure to make repairs. Snipes vacated the premises and defaulted on the rent. Halpern Enterprises sued for the rent. Snipes answered and counterclaimed, claiming constructive eviction and breach of the lease agreement. Halpern Enterprises was granted summary judgment and Snipes appeals.

Appellant contends that the trial court erred in granting appellee's motion for summary judgment because there are genuine issues of fact regarding the suitability of the premises for appellant's intended use, and the failure of the landlord to make certain repairs. Appellant claims that noise and vibrations from another tenant occupying the space above appellant's retail store caused the premises to be unsuitable for its intended use, and that appellee was

aware of these defects prior to execution of the lease. Appellant also contends that pursuant to the lease, appellee was responsible for repairs to the ceiling.

The lease agreement provides, in pertinent part:

"9. Landlord agrees to keep in good repair the roof, foundations, and exterior walls of the premises . . . and underground utility and sewer pipes outside the exterior walls of the Building, except repairs rendered necessary by the negligence of Tenant . . . Landlord gives to Tenant exclusive control of premises and shall be under no obligation to inspect said premises . . .

"10. Tenant accepts the leased premises in their present condition and as suited for the uses intended by Tenant. Tenant shall . . . at its expense, maintain in good order and repair the leased premises . . . except those repairs expressly required to be made by Landlord.

" This lease contains the entire agreement of the parties hereto and no representations, inducements, promises or agreements, oral or otherwise, between the parties, not embodied herein, shall be of any force or effect."

Snipes accepted the premises "as is" pursuant to the commercial lease, and does not contend that she was fraudulently prevented from reading the contract. Tenants who sign a lease containing a stipulation regarding the "entire agreement," when sued for the rent thereunder, cannot defend on the grounds of fraudulent representations as to the condition of the premises. *Cristal v. Harmon,* 137 Ga. App. 153, 155 (223 SE2d 210) (1976). Thus, Snipes is precluded by the lease from claiming that she was constructively evicted by a condition that existed at the time she signed the lease. Constructive eviction takes place and a tenant is relieved from paying rent when "the landlord whose duty it is to keep [the premises] in a proper state of repair allows it to deteriorate to such an extent that it is an unfit place for the tenant to carry on the business for which it was rented, and when it cannot be restored to a fit condition by ordinary repairs which can be made without unreasonable interruption of the tenant's business. [Cits.]" *Overstreet v. Rhodes,* 212 Ga. 521, 523 (93 SE2d 715) (1956). Thus, there is no issue of fact with regard to constructive eviction.

Snipes also contends that appellee failed to make needed repairs in the ceiling of the premises. However the landlord and tenant here expressly contracted as to their respective obligations with reference to repairs, the pertinent provisions being contained in paragraphs 9 and 10 of the lease. Since there was no provision in the lease nor any obligation on the part of Halpern Enterprises to repair the ceiling, and this responsibility was contractually placed on the tenant,

Snipes' defense and counterclaim based on the landlord's duty to repair must fail. *Browning v. F. E. Fortenberry,* 131 Ga. App. 498, 501 (206 SE2d 101) (1974).

Summary judgment in favor of appellee was correct.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 28, 1981.

*Jean E. Johnson, Jr., David Cook,* for appellant.
*Robert A. Fierman,* for appellee.