68438. RICHARDS v. SOUTHERN FINANCE CORPORATION.

DEEN, Presiding Judge.

On November 29, 1979, appellant Richards executed a promissory note in favor of appellee Southern Finance Corporation (Southern) representing the balance due on the commission on a piece of land purchased through appellee. The note, executed on a preprinted form, recited no consideration other than the phrase "for value received." Richards renewed the note twice, the second time in April 1983 for a principal balance of $7,752.50. On August 5, 1983, Southern formally demanded payment of the principal balance plus interest. When appellant failed to pay, appellee filed suit seeking principal, interest, and attorney fees. In his answer Richards denied any obligation to pay, alleging failure of consideration. He counterclaimed against appellee for realtor malpractice, alleging that Southern had failed to consummate a "package deal," including financing and leases, which, according to appellant's contention, had been the real consideration contemplated under the promissory note.

Appellee moved for summary judgment, and the trial court granted the motion. On appeal Richards assigns as error the award of summary judgment, on the basis that there were genuine issues of material fact raised by his assertions of malpractice and failure of consideration. *Held*:

1. On motion for summary judgment, it must be shown by the movant that there remains in the case no genuine issue of material fact, and "[a]ll evidence . . . including the testimony of the parties, must be construed most strongly against the movant." *Giant Peanut Co. v. Carolina Chemicals*, 129 Ga. App. 718, 719 (200 SE2d 918) (1973). When the movant is the defendant, he has the burden not only of showing the absence of any issue of material fact, but also of so piercing the pleadings as to affirmatively negate one or more essential elements of the plaintiff's case. *Lawrence v. Gardner*, 154 Ga. App. 722, 724 (270 SE2d 9) (1980); *Henderson v. Atlanta Transit System*, 133 Ga. App. 354 (210 SE2d 845) (1974).

Once the movant has met his burden, the respondent then has the burden of submitting proof. *Cryder v. Amusements of America*, 144 Ga. App. 632 (241 SE2d 500) (1978). In the instant case appellant has presented no evidence, other than his own affidavit, either as to the nature of the consideration otherwise than as recited in the promissory note, or as to any failure thereof. To the contrary, the record reveals both expressly, in the form of appellant's deposition, and impliedly, in other documents, that appellant had acknowledged the existence of an indebtedness to appellee, presumably as represented in the note. Thus appellant has failed to carry his burden; on the other hand, appellee's dual burden has been successfully discharged.

Moreover, because appellant's allegation of failure of consideration is an affirmative defense, OCGA § 9-11-8 (c), then *a fortiori* the burden of proving such failure rests upon him. *DeLay v. Galt*, 141 Ga. 406 (81 SE 195) (1914); *Coast Scopitone v. Self*, 127 Ga. App. 124 (192 SE2d 513) (1972). Other than appellant's affidavit, the record contains no evidence, documentary or otherwise, that appellant made, or had within his contemplation, any allegations regarding the nature of the consideration for the note, either when he executed the original note and the renewals, or at any other time prior to filing his answer to appellee's complaint. Appellant cites in this connection the holding in *Woody v. Ralston Purina Co.*, 117 Ga. App. 352 (160 SE2d 662) (1968): "Where . . . the note contains the usual statement of consideration, 'for value received,' and the suit is between the original parties, parol evidence is admissible to show the true consideration and that the consideration failed. [Cit.]" Pretermitting the question of whether or not in the instant case parol evidence was properly admissible for this purpose, as a matter of law the parol evidence contained in appellant's affidavit and his deposition was insufficient to meet the statutory standard: "When a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." OCGA § 9-11-56 (e).

Furthermore, it is well settled in Georgia law that the defense of failure of consideration is not available where the note has been renewed: "Nor can a plea of failure of consideration be sustained where the note . . . or the contract . . . has been renewed after knowledge of defects or worthlessness . . . The renewal cuts off all defenses of which the maker then had knowledge." *Coast Scopitone v. Self*, supra at 127; citing *Hogan v. Brown & Co.*, 112 Ga. 662 (37 SE 880) (1900), and *Nat. Duck Mills v. Catlin & Co.*, 10 Ga. App. 240 (73 SE 418) (1912). Had there actually been a "package deal," as appellant contends, he would have had knowledge of its "defects or worthlessness" at the time he executed the renewals. We find, therefore, that "the defendant utterly failed to sustain his plea of failure of consideration." *Coast Scopitone v. Self*, supra at 127.

2. Appellant's enumeration regarding failure of consideration having been held to be without merit, his counterclaim for realtor malpractice based on such alleged failure of consideration is moot.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED JUNE 20, 1984.

*H. William Sams, Jr.*, for appellant.
*H. Henry Heffernan*, for appellee.