A91A1514. FIRST STATE BANK & TRUST COMPANY v. YOUNG.
(415 SE2d 18)

SOGNIER, Chief Judge.

First State Bank & Trust Company brought suit against John Young on a promissory note. Young answered and asserted several affirmative defenses. The trial court denied the bank's motion for summary judgment but issued a certificate of immediate review, and we granted the bank's application for interlocutory appeal.

The order denying appellant's motion recites that summary judgment was denied because "[t]here is a genuine issue of material fact as to whether some of the notes which were renewed into the note at issue were guaranteed by [appellee] in a personal or representative capacity. This matter remains for determination by a jury at trial." Appellant contends the trial court erred by so ruling, because even if such an issue exists it is not material. We agree and reverse.

The evidence of record shows that the note in issue here, executed on February 3, 1987, was the ninth renewal of a promissory note executed by appellee on December 23, 1981, to consolidate five previous separate notes. Appellee alleged in his answer that the note sued upon lacked consideration, at least in part, because two of the five notes consolidated into the 1981 note were not executed by him personally or guaranteed by him but were the obligations of Southeastern Paving & Site, Inc., a corporation in which appellee was a shareholder and officer.

Even assuming appellee's allegation is true, it is undisputed that

the 1981 note was given in payment of five separate antecedent obligations, and OCGA § 11-3-408 provides that "no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation *of any kind.*" (Emphasis supplied.) Although all the antecedent obligations may not have been the personal obligations of appellee, the statute applies as well to a note given in payment of a debt already owed by a third person. *Deep South Svcs. v. Wade*, 248 Ga. 80, 82 (1) (281 SE2d 561) (1981). Thus, no consideration was necessary for the 1981 note or any of the renewal notes thereafter, including the instrument sued upon.

Moreover, the renewal of a note cuts off all defenses of which the maker then had knowledge, *Coast Scopitone v. Self*, 127 Ga. App. 124, 127 (3) (192 SE2d 513) (1972), and appellee's argument that he was not aware when he signed the 1981 note that antecedent obligations for which he was not personally liable were consolidated therein is belied by the record. Appellee testified at his deposition that when he signed the 1981 note in his individual capacity, the loan officer informed him that some of the corporate notes were being consolidated into the new note. Appellee deposed that he "was doing a lot of business with [appellant] then. They put the note in front of me, had them all combined, asked me to sign it, and I did so. I had at that time a good relationship with them, and they figured they had a reason. And I didn't want to upset my relationship with them." Thus, given that the 1981 note was renewed nine times, we agree with appellant that appellee necessarily waived any defense based on failure of consideration because of his lack of knowledge that he was assuming liability for notes on which he was not obligated. It appearing that no questions of fact exist except as to immaterial matters, the trial court erred by denying appellant's motion for summary judgment.

*Judgment reversed. Carley, P. J., and Beasley, J., concur.*

DECIDED JANUARY 13, 1992 —
RECONSIDERATION DENIED JANUARY 27, 1992 — ■

*Gardner, Willis, Sweat & Goldsmith, Timothy O. Davis*, for appellant.
*Burt & Burt, Hilliard P. Burt, Ben Kirbo*, for appellee.