A97A0757. NATIONSBANK, N.A. (SOUTH) v. PEAVY.
(488 SE2d 699)

MCMURRAY, Presiding Judge.

This is an interlocutory appeal from a denial of summary judgment in a suit on a note. The original plaintiff, Bank South, sought and obtained permission to file an appeal from the state court's order entered May 30, 1996. However, in the interval of time following the filing of the interlocutory application, Bank South merged into NationsBank, N.A., which filed a notice of appeal as successor in interest to Bank South. But the record sent up for that appeal did not show any assignment of interest from Bank South or any other indi-

cation that NationsBank, N.A. was a party to the action. The case was remanded to the state court in order to permit NationsBank, N.A. to seek an order of the state court pursuant to OCGA § 9-11-25 (c), by which it was substituted in the action as party plaintiff. This Court's remand order authorized NationsBank, N.A., to initiate the present appeal upon being substituted as party plaintiff. No cross-appeal has been taken challenging the substitution order.

We conclude that summary judgment should have been granted in favor of plaintiff and reverse. In August 1988, defendant Peavy executed a promissory note, payable to the predecessor of plaintiff NationsBank, that was secured by an automobile. Defendant defaulted on the note and in June 1989 surrendered possession of the car. The car was sold for less than the remaining indebtedness, and under threat of a lawsuit, defendant signed an unsecured second note on March 5, 1990. Defendant also defaulted on the second note, and this action was commenced to collect on that note. Defendant raised a number of defenses including a failure to pay intangible taxes on the note and failure of consideration. A counterclaim asserted claims for fraud and for violation of the federal Fair Debt Collection Practices Act. *Held*:

1. " 'On a motion for summary judgment, the movant carries the burden of proving that there are no genuine issues of fact requiring jury resolution and that he is entitled to judgment as a matter of law. (Cit.) . . . The burden of proof is shifted when the moving party makes a *prima facie* showing that it is entitled to judgment as a matter of law. At that time the opposing party must come forward with rebuttal evidence or suffer judgment against him. (Cit.)' *Kelly v. American Fed. Savings &c. Assn.*, 178 Ga. App. 542-543 (1) (343 SE2d 755) (1986)." *Phillips v. Plymale*, 191 Ga. App. 338, 340 (1) (381 SE2d 580). A prima facie case was proven by showing that defendant signed the promissory note and was in default. Summary judgment must follow unless defendant has provided rebuttal evidence which raises a genuine issue of material fact. Id.

Defendant has presented no such evidence in support of its contention that former OCGA § 48-6-32 bars plaintiff's action. This statute, which was repealed effective March 21, 1996, by Ga. L. 1996, p. 117, provided that a failure to return any property for taxation as required thereunder would be a bar to any action on the property. Application of this bar resulted in the reversal of a grant of summary judgment to the plaintiff in *Lagrone v. Telecash Investments*, 220 Ga. App. 876 (470 SE2d 445), but that case may be distinguished on the facts since it involved a defendant who presented evidence that the plaintiff had failed to pay the intangible taxes required under the statute. The defendant in the case sub judice has continued to rely solely upon his allegations so that even if this theory of defense sur-

vived the repeal of the statute, the absence of any supporting evidence is fatal.

Similarly, defendant has failed to provide any support for the defense of laches by failing to show prejudice from the delay. Therefore, this defense must be presumed to lack merit. *Troup v. Loden*, 266 Ga. 650 (469 SE2d 664).

2. Defendant's allegation that he was fraudulently induced to sign the note which plaintiff seeks to collect must fail. The source of the alleged fraud is plaintiff's predecessor's insistence that defendant was required to sign the note and failure to inform defendant that it was not entitled to a judgment against defendant for the deficiency on the first note. However, defendant admits that he took no steps to determine his rights prior to the execution of the note but relied upon the representations of plaintiff's predecessor. Thus, defendant has clearly conceded his lack of diligence and seeks to excuse it by contending that there was a confidential relationship involved. But there is no evidence to support such a hypothesis. The record reveals nothing more than an arms-length money lending transaction which does not constitute a confidential relationship. *Saffar v. Chrysler First Business Credit Corp.*, 215 Ga. App. 239, 240 (2) (450 SE2d 267).

3. Also, defendant's reliance upon the defense of failure of consideration is not well founded. The defense of failure of consideration is not available where the note has been renewed. *First State Bank &c. Co. v. Young*, 202 Ga. App. 566 (415 SE2d 18); *Richards v. Southern Finance Corp.*, 171 Ga. App. 268 (319 SE2d 103). Furthermore, " '[t]he renewal cuts off all defenses of which the maker then had knowledge.' [Cits.]" Id. at 269 (1). In the case sub judice this includes defendant's defenses and counterclaims based on the first note, on an alleged oral agreement with plaintiff's predecessor, and arising from the repossession and sale of the automobile. Defendant had knowledge of all these circumstances when he executed the renewal or second note which is the basis of this action. Also, a negotiable note given in liquidation of a disputed claim is not without consideration. *Littlegreen v. Gardner*, 208 Ga. 523 (3) (67 SE2d 713).

Nor does defendant's denial that the second note was a renewal of the first note present a jury issue. Defendant's inconsistent statements as to the facts must be construed against him. *Kersey v. U. S. Shoe Corp.*, 211 Ga. App. 655, 657 (440 SE2d 250). Therefore, his admission that the second note was signed under threat of suit for the deficiency on the first note and that he expected there to be a deficiency following the repossession is sufficient to establish that the second note was a renewal of the first note, as well as an accord and satisfaction resolving any dispute over any deficiency under the first note. See also *Mobley v. Fulton Roofing Co.*, 173 Ga. App. 563,

564 (1) (327 SE2d 540).

4. Additionally, defendant's reliance upon the Fair Debt Collection Practices Act, 15 USC § 1692 et seq., is misplaced. This statute does not apply to an "officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 USC § 1692a (6) (A).

*Judgment reversed. Beasley and Smith, JJ., concur.*

DECIDED JULY 3, 1997.

*King & Carragher, Joseph R. Carragher*, for appellant.
*Berrien L. Sutton*, for appellee.