A98A0165. MILLER v. CALHOUN/JOHNSON COMPANY.
(497 SE2d 397)

Judge Harold R. Banke.

Calhoun/Johnson Company d/b/a Williams Brothers Lumber Company ("Williams") filed an action for money damages against Donald Miller d/b/a Millercraft Construction Company ("Millercraft"). Asserting five errors, Miller appeals the summary judgment awarded to Williams.

Millercraft purchased building materials and supplies from Williams pursuant to an open account agreement for which Miller had executed a personal guaranty. When Miller wanted lien waivers on four of his construction projects, he contacted Fabian Boudreau, Williams' credit manager. Boudreau refused to agree because Millercraft's account was about $28,000 delinquent. Boudreau and others then negotiated a settlement with Miller, whereby Williams agreed to execute and deliver the desired lien waivers, and, in exchange, Miller agreed to execute a no interest promissory note for $11,000 to settle the unpaid balance. Miller concedes that he executed a promis-

sory note for that amount. Boudreau testified that at no time did Miller state that he was executing the note under protest or as a result of coercion or duress. According to Boudreau, although it was agreed that Williams would review Miller's account if he provided new evidence of credits due, Miller never gave any such evidence to Williams. Williams' regional vice president, Chuck Mooney, testified that he had personally spent several weeks reviewing the Millercraft account, and had examined all the documentation and credits and determined that the unpaid balance was $28,332.86.

After Miller defaulted on the promissory note, Williams sued him. Miller contended that Williams breached its agreement not to demand payment of the note until it conducted an audit and review of the underlying account. Miller asserted that this purported breach amounted to a failure of consideration. He further argued that Williams took unfair advantage of his financial and family situation. Determining that no material issue of disputed fact remained, the trial court granted judgment to Williams. *Held*:

1. We reject Miller's contention that the trial court could not grant summary judgment because it had previously denied summary judgment during an earlier term of court. The denial of a motion for summary judgment is not, by definition, a final judgment. See *Pace Constr. Corp. v. Northpark Assn.*, 215 Ga. App. 438, 439 (450 SE2d 828) (1994). Notwithstanding Miller's argument to the contrary, because the denial of Williams' motion was not a final judgment, OCGA § 9-11-60 (d) was inapplicable. Inasmuch as the underlying case was still pending after the initial denial of Williams' motion, the trial court retained jurisdiction to enter a subsequent order.

2. Notwithstanding Miller's contention to the contrary, the record does not show that the trial court entered a judgment on the pleadings. An apparent clerical error in the first sentence of the summary judgment order misstates that it is a judgment on the pleadings. However, the context of the order as a whole, as well as the court's statement that it was granting summary judgment in the absence of genuine issues of material fact, make plain the nature of the order at issue.

3. (a) Miller's claim that the trial court improperly considered matters outside the pleadings is incomprehensible, especially in light of his own submission of "Defendant's Response to Plaintiff's Motion for Summary Judgment."

(b) Miller contends that the trial court failed to consider evidence from conflicting affidavits as to the exact amount owed, whether Williams breached its agreement to audit the account, and whether his financial and family circumstances gave rise to Williams' use of undue influence in forcing him to sign the note at issue for an amount he did not admit to owing. We disagree. Once the record evi-

dence, as here, shows a promissory note has been duly executed and is in default, a prima facie right to judgment is established and the burden shifts to the debtor to establish an affirmative defense. *Jay Gleason Advertising Svc. v. Gleason*, 193 Ga. App. 445 (1) (388 SE2d 43) (1989). This Miller did not do.

Miller's failure of consideration argument lacks merit. Under OCGA § 11-3-408, "no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind." (Emphasis omitted.) *First State Bank &c. Co. v. Young*, 202 Ga. App. 566, 567 (415 SE2d 18) (1992). Here, the promissory note was created to settle Miller's antecedent obligation, notwithstanding Miller's subsequent denials that any such obligation existed. Although Miller testified that when he signed the note, "I did not feel like I owed Williams Brothers any money," and that "I agreed to sign the note under protest," such assertions are not supported by any corroborative evidence. Although Miller may well have had an opinion that Williams had miscalculated the outstanding balance, he failed to offer any evidence to support his belief. Conclusory statements in affidavits unsupported by factual evidence are insufficient to avert summary judgment. *Bd. of Natural Resources v. Walker County*, 200 Ga. App. 301, 307 (3) (407 SE2d 436) (1991). Thus, Miller could not avail himself of the defense of failure of consideration. *Southern Dev. Co. v. Shepco Paving*, 206 Ga. App. 535, 538 (3) (426 SE2d 234) (1992).

4. Miller contends that a jury must resolve whether Williams took unjust or unfair advantage of his economic necessity or distress. Relying on OCGA § 13-5-6, Miller asserts that the contract was rendered voidable because he did not freely assent to the promissory note and was coerced into signing it. We disagree.

" 'Duress which will avoid a contract must consist of threats of bodily or other harm, or other means amounting to coercion, or tending to coerce the will of another, and actually inducing him to do an act contrary to his free will.' [Cit.]" *Tidwell v. Critz*, 248 Ga. 201, 203 (282 SE2d 104) (1981). "One may 'not void a contract on grounds of duress merely because he entered into it with reluctance, the contract is very disadvantageous to him, the bargaining power of the parties was unequal or there was some unfairness in the negotiations preceding the agreement.' " Id. at 204 (1). Here, there is no evidence of duress apparent in the record that would show that Williams' actions deprived Miller of his free will. Even assuming for the sake of argument that Miller was experiencing economic distress, such financial difficulties do not constitute legal distress. *Morey v. Brown Milling Co.*, 220 Ga. App. 256, 257 (2) (469 SE2d 387) (1996).

5. Miller claims that the trial court erred in considering the affidavit of Fabian Boudreau because the affidavit did not attach the

records and documents upon which the affiant relied. Williams submitted a second, unobjected-to affidavit from Boudreau in which Boudreau attested to virtually the same facts. In these circumstances, Miller failed to show the requisite harm and error needed for reversal. *Ga. Power Co. v. Bishop*, 162 Ga. App. 122, 126 (6) (290 SE2d 328) (1982).

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 18, 1998.

*Daniels & Taylor, Wayne A. Bailey,* for appellant.
*Jackel, Rainey, Marsh & Busch, James C. Busch, Chad K. Reed,* for appellee.