## A04A0449. SMITH et al. v. GORDON.
(598 SE2d 92)

JOHNSON, Presiding Judge.

This case arises out of a transaction involving the sale of an automobile dealership from Irene Gordon to Lee Cavendar and Robert Smith.[1] Gordon filed a motion for summary judgment to recover on a promissory note signed by Smith and Cavendar. The trial court granted Gordon's motion for summary judgment, and Cavendar appeals. We find no error and affirm the trial court's judgment.

1. When reviewing the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence.[2] To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[3] Where the movant is the plaintiff, she has the burden of presenting evidence to support her claim and the burden of piercing the defendant's affirmative defenses.[4]

Here, Gordon has met her burden of establishing a prima facie case. "A creditor in possession of a valid and signed promissory note has a prima facie right to repayment, unless the debtor can establish a valid defense."[5] Cavendar does not dispute executing the promissory note, thus production of the note establishes a prima facie case.[6] Cavendar, however, attempts to avoid liability on the note by raising the defenses of breach of contract and fraud. However, even when viewed in the light most favorable to Cavendar, there are no disputed material facts regarding Cavendar's obligation under the note. The trial court properly entered summary judgment in Gordon's favor.

(a) Cavendar contends Gordon breached the terms of the contract because the Purchase Agreement contained a provision requiring Gordon to assign an Option Agreement to purchase real estate. Under a heading entitled, "Conditions of Purchaser's Obligation," the Purchase Agreement noted that Cavendar's obligation to purchase the assets of the business under the Purchase Agreement was subject to

---

[1] Although co-defendant Smith was named in the notice of appeal filed in the trial court as an appellant to this Court, the motion and order under consideration did not address Smith's liability, which was the subject of a separate judgment, and the instant appeal thus concerns only the rights of Cavendar.

[2] *Reece v. Chestatee State Bank*, 260 Ga. App. 136 (579 SE2d 11) (2003).

[3] See OCGA § 9-11-56; *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[4] See *Coastal Plains Trucking Co. v. Thomas County Fed. S & L Assn.*, 224 Ga. App. 885, 887 (482 SE2d 493) (1997) (physical precedent only).

[5] *City of Bremen v. Regions Bank*, 274 Ga. 733, 740 (5) (559 SE2d 440) (2002).

[6] See OCGA § 11-3-308 (b); *Reece*, supra at 138 (1).

four conditions on or before closing, one of which was the assignment of an Option Agreement. According to Cavendar, Gordon breached the contract by failing to assign the Option Agreement. However, there is no dispute that all the parties to the promissory note, including Cavendar, knew the Option Agreement was not assignable before the promissory note was executed. According to Smith's affidavit,

> Approximately two weeks prior to our executing the promissory note to Ms. Gordon as required under the Purchase Agreement, Ms. Gordon produced a copy of the option agreement. The option agreement had a "no assignment" clause in it. We were faced with backing out of the Purchase Agreement and losing all the money I had invested in the dealership . . ., or with abiding by the terms of the Purchase Agreement and trying to resolve the damages we would suffer from not having the option to purchase the land on which the dealership was located. We elected to proceed under the terms of the Purchase Agreement and executed a promissory note to Ms. Gordon. . . .

Cavendar also acknowledges receiving a copy of the Option Agreement between the time the Purchase Agreement was signed and the promissory note was signed.

It is clear from the record that Cavendar elected to enter into the promissory note even though he knew the Option Agreement was not assignable. He has, therefore, waived any claim for damages due to the breach of this contract provision.

> A waiver may be express, or may be inferred from actions, conduct, or a course of dealing. Waiver of a contract right may result from a party's conduct showing his election between two inconsistent rights. Acting on the theory that the contract is still in force, as by continuing performance, demanding or urging further performance, or permitting the other party to perform and accepting or retaining benefits under the contract, may constitute waiver of a breach. However, all the attendant facts, taken together, must amount to an intentional relinquishment of a known right, in order that a waiver may exist.[7]

---

[7] (Citation and punctuation omitted.) *Kusuma v. Metametrix, Inc.*, 191 Ga. App. 255, 257 (3) (381 SE2d 322) (1989).

Cavendar attempts to circumvent the waiver issue by claiming that he did not intentionally relinquish his known right because he was forced to continue with the purchase of the dealership and execute the promissory note or lose his investment. This argument is unavailing.

> One may not void a contract on grounds of duress merely because he entered into it with reluctance, the contract is very disadvantageous to him, the bargaining power of the parties was unequal or there was some unfairness in the negotiations preceding the agreement.[8]

Here, there is no showing that Gordon's actions deprived Cavendar of his free will. Even assuming for the sake of argument that Cavendar was experiencing economic distress, such financial difficulties do not constitute legal distress.[9] The record before us is replete with evidence of Cavendar's failure to protect his own vital interests in this transaction. We find no error in the trial court's grant of summary judgment to Gordon.

(b) Cavendar also asserts fraud on the part of Gordon as a defense to his obligation under the promissory note. According to Cavendar, Gordon misrepresented her ability to assign the Option Agreement. However, even construing the evidence in a light most favorable to Cavendar, there are no grounds for fraud as a defense to the promissory note. A party cannot claim fraud where the matters are open to the observation of all of the parties to the contract, unless there is a special relationship of trust or confidence between the parties.[10] Here, no such special relationship existed. The record reveals nothing more than an arms-length sales transaction, which does not constitute a confidential relationship.[11] Moreover, Cavendar could not have justifiably relied upon any representations as to the assignability of the Option Agreement because he knew the Option Agreement was not assignable before executing the promissory note.

Furthermore, the record shows that Cavendar made payments on the promissory note from November 16, 1998 through February 15, 2001.

---

[8] (Citation and punctuation omitted.) *Miller v. Calhoun/Johnson Co.*, 230 Ga. App. 648, 650 (4) (497 SE2d 397) (1998).

[9] Id.; *Morey v. Brown Milling Co.*, 220 Ga. App. 256, 257 (2) (469 SE2d 387) (1996).

[10] *Hubert v. Beale Roofing*, 158 Ga. App. 145, 146 (279 SE2d 336) (1981).

[11] See *NationsBank v. Peavy*, 227 Ga. App. 137, 139 (2) (488 SE2d 699) (1997); *Saffar v. Chrysler First &c. Corp.*, 215 Ga. App. 239, 242 (2) (450 SE2d 267) (1994).

> Where a debtor voluntarily pays a part of an amount claimed to be due by his creditor on a contract which the debtor seeks to attack on the ground of duress and fraud in an action against him by the creditor for an overdue installment thereunder he is conclusively deemed to have waived the duress and fraud if at the time of the partial payment he has knowledge of all the facts upon which he now bases his claim of fraud and duress as a ground for avoiding the validity and enforcement of the contract and at a time when the alleged duress was at an end.[12]

Here, there is no dispute that Cavendar knew the Option Agreement could not be assigned when he executed the promissory note. There is also no dispute that he made payments on the promissory note for more than two years. Cavendar's fraud defense must fail.

2. Cavendar contends the trial court erred in sua sponte granting summary judgment with respect to his counterclaims for breach of contract and fraud because Gordon did not move for summary judgment on these claims. We find no error. "While in most cases it is better practice to await a motion for summary judgment before entering it for a party, it may not be erroneous under the circumstances of a given case, where the issues are the same as those involved in the movant's motion."[13] Here, Cavendar raised the identical issues in his breach of contract and fraud defenses, and the trial court found no issues of material fact with respect to those defenses. Summary judgment in favor of Gordon's claim on the promissory note was dispositive of the issues raised by Cavendar's counterclaims.[14] The trial court did not err in sua sponte granting summary judgment to Gordon on Cavendar's counterclaims for breach of contract and fraud.

3. Cavendar claims the trial court erred in calculating attorney fees. In her appellate brief, Gordon concedes that the amount of attorney fees was calculated incorrectly. Both parties agree that the correct amount of attorney fees is $16,463.45. We therefore remit this case to the trial court with direction that the trial court reduce the award of attorney fees accordingly.

*Judgment affirmed in part and case remanded with direction as to the award of attorney fees. Smith, C. J., and Phipps, J., concur.*

---

[12] (Citations and punctuation omitted.) *Hart v. Trust Co. of Columbus*, 154 Ga. App. 329, 330 (268 SE2d 384) (1980); see also *Pearson v. George*, 209 Ga. 938, 945 (77 SE2d 1) (1953).

[13] (Citation, punctuation and emphasis omitted.) *Covington v. Countryside Investment Co.*, 263 Ga. 125, 127 (3) (428 SE2d 562) (1993).

[14] *Motz v. Landmark First Nat. Bank &c.*, 154 Ga. App. 858, 861 (6) (270 SE2d 81) (1980).

DECIDED APRIL 7, 2004.

*Christopher L. Casey*, for appellants.
*Clifton, Sanders & Smith, Janney E. Sanders*, for appellee.