## A11A1779. WINDHAM & WINDHAM, INC. et al. v. SUNTRUST BANK.

(723 SE2d 70)

BLACKWELL, Judge.

SunTrust Bank sued Windham & Windham, Inc. and Jeffrey and Robyn Windham, alleging that the Windham company was indebted to the Bank, that the Windham company had defaulted on its obligation to repay the indebtedness, and that the Windhams had guarantied the repayment of the indebtedness and, therefore, were liable to the Bank upon the default.[1] The court below awarded summary judgment to the Bank, and both the Windhams and the Windham company appeal.[2] Upon our review of the record, we find no error and affirm the judgment below.

1. The Windhams and the Windham company contend that the court below erred when it awarded summary judgment to the Bank, both because the affidavit that the Bank submitted in support of its motion for summary judgment is inadequate and because affidavits that they submitted in response to the motion show that genuine issues of material fact exist. These contentions are without merit. Summary judgment is warranted when the material facts, as shown by the pleadings and record evidence, are undisputed and entitle the moving party to judgment as a matter of law. See *Strength v. Lovett*, 311 Ga. App. 35, 39 (2) (714 SE2d 723) (2011). An award of summary judgment "enjoy[s] no presumption of correctness on appeal," and we review such an award de novo. *Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010) (citations omitted). In our review of the award, we view the evidence, and all reasonable inferences that might be drawn from the evidence, in the light most favorable to the nonmoving parties, here, the Windhams and the Windham company. Id.

So viewed, the record shows that the Bank extended credit to the Windham company pursuant to the terms of a line of credit agreement, and the Windhams signed this agreement in February 2007 as guarantors, personally guarantying the obligation of the Windham company to repay any indebtedness that it owed to the Bank, including any indebtedness arising after the date of the agreement. Separate and apart from this line of credit, the Windham company gave a commercial note to the Bank in September 2007 for the

---

[1] We refer in this opinion to Windham & Windham, Inc. as the "Windham company," and we refer to Jeffrey and Robyn Windham collectively as the "Windhams."

[2] In their brief, the Windhams and the Windham company fail to cite the specific pages of the record at which the Court might find the pleadings, papers, and evidence that are relevant to the issues presented on appeal. We remind their counsel that Court of Appeals Rule 25 (c) (2) requires specific references to the record.

repayment of a term loan, and at the same time, the Windhams each executed an unconditional guaranty, in which they again personally guarantied the repayment of any indebtedness that the Windham company owed the Bank. In February 2010, the Bank sued the Windham company and the Windhams, alleging that the Windham company had failed since July 2008 to make any payments under the note and also had failed to make required payments on the line of credit. Nine months later, the Bank filed its motion for summary judgment, and in support of its motion, the Bank submitted the affidavit of a Bank officer, which attests to the authenticity of the line of credit agreement, note, and unconditional guaranties, confirms the occurrence of default, and sets out the amount of the outstanding indebtedness of the Windham company.

The Windhams contend that the affidavit of the Bank officer is insufficient to sustain the award of summary judgment because it fails to show that the officer had any involvement with the transactions between the Windham company and the Bank or that the officer had any dealings with the Windhams. Although an affidavit offered in support of a motion for summary judgment must be "made on personal knowledge," OCGA § 9-11-56 (e), the affidavit of the Bank officer explicitly recites that it is "based on [his] personal knowledge of the facts contained [therein]." The affidavit also recites that the officer is familiar with the files maintained by the Bank with respect to the indebtedness of the Windham company and that these files are maintained in the regular course of business and were made at or near the time of the transactions and occurrences reflected therein. Nothing in the affidavit is inconsistent with the averment of personal knowledge, and in the absence of any evidence that the officer did not, in fact, have the personal knowledge he claims, his affidavit is competent enough to sustain an award of summary judgment. See *Ellison v. Hill*, 288 Ga. App. 415, 417 (1) (654 SE2d 158) (2007) ("The personal knowledge requirement set forth in OCGA § 9-11-56 (e) is met where the contents of the pleading indicate that material parts of it are statements within the personal knowledge of the affiant, as opposed to being made upon information and belief.") (citation and punctuation omitted); see also *Benedict v. State Farm Bank, FSB*, 309 Ga. App. 133, 139 (2) n.9 (709 SE2d 314) (2011) (affidavit was competent support for motion to compel arbitration where "[t]he affidavit recites that the [affiant] has personal knowledge of [the facts set forth therein], and nothing in the affidavit is inconsistent with such knowledge").

The Windhams also contend that two affidavits that they submitted in opposition to the motion for summary judgment show the existence of a genuine issue of material fact about whether they had been released from their guaranties of the indebtedness of the

Windham company.[3] In one of these affidavits, a former officer of the Bank averred that the Windhams "were concerned about personal liability [and] documents were executed releasing their home and them personally [from] the business loans." In the other affidavit, Robyn Windham apparently averred that she was assured by the Bank that she would have no personal liability for the debts of the Windham company and that she entered into an agreement with the Bank to release her from any personal liability for those debts.[4]

As to the claim that the Windhams entered into written agreements with the Bank that released them from their guaranties, no such agreements appear in the record, and we find nothing in the record to satisfactorily account for the absence of the agreements. See OCGA § 24-5-4 (a) ("The best evidence which exists of a writing sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for."). Moreover, to the extent that the Windhams required discovery to obtain the agreements to which the affidavits refer, nothing indicates that they asked for a continuance to take such discovery. See OCGA § 9-11-56 (f) (authorizing trial court to continue proceedings on motion for summary judgment "to permit affidavits to be obtained or depositions to be taken or discovery to be had"). And as to the claim of Robyn Windham that she was assured by the Bank that she would have no personal liability for the indebtedness of the Windham company, "[p]arol evidence is inadmissible to add to, take from, or vary a written contract," except where the written contract is ambiguous or manifestly incomplete. OCGA § 13-2-2 (1). Here, the guaranty provisions of the line of credit agreement and the unconditional guaranties are unambiguous, and they appear on their face to be a complete statement of the agreement between the parties about the obligation of the Windhams to ensure the repayment of the indebtedness that the Windham company owed the Bank. Consequently, the unsupported claims in the affidavits offered by the Windhams about their obligation to ensure the repayment of the indebtedness of the Windham company are insufficient to preclude the award of summary judgment. See *NationsBank, N.A. (South) v. Peavy*, 227 Ga. App. 137, 138 (1) (488 SE2d 699) (1997).

2. The Windham company and the Windhams also contend that

---

[3] In their brief, the Windhams also appear to claim that they signed the line of credit agreement and the guaranties only as officers of the Windham company and not in their personal capacities. But the agreement and the guaranties explicitly identify the Windhams by name as the guarantors.

[4] The affidavit of Robyn Windham does not appear in the record, and we consider it only because the court below and the Bank both acknowledge its existence and because the parties seem to agree about the substance of the affidavit.

the court below should have granted their request for an evidentiary hearing on the motion for summary judgment. But the record shows, and the Windhams do not dispute, that this request appears only in one sentence of the "Introduction and Statement of Facts" in their brief in opposition to the motion. We have held before that the failure to hold a hearing on a motion for summary judgment is not error if the party requesting a hearing fails to comply with Uniform Superior Court Rule 6.3, which requires that any such request be made by a separate and distinct pleading. *Condon v. Vickery*, 270 Ga. App. 322, 325 (2) (606 SE2d 336) (2004) (a trial court has the discretion not to hold a hearing where a party fails to make a written request in a separate pleading). Because the Windham company and the Windhams failed to file a separate and distinct pleading to request a hearing, the court below did not err when it failed to grant the request that was buried in their brief in opposition to summary judgment.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 1, 2012.

*Jonathan P. Waters*, for appellants.
*Jones, Cork & Miller, Blake C. Sharpton*, for appellee.